UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Mahesh K. Talwar | : | Civil Action No. 3:01cv01089(SRU) |
| v. | : | |
| State of Connecticut, Department of Motor Vehicles and Department of Administrative Services | : | April 2, 2004 |

**Plaintiff's Objection to Defendant's Motion for Leave to File
Motion for Summary Judgment on the Limited Issue of the Lack
of Subject Matter Jurisdiction and Motion for Expedited Briefing Schedule**

**I.  INTROCUCTION**

The Plaintiff, Mahesh K. Talwar, by his undersigned counsel, hereby responds and objects to the State of Connecticut's Motion for Leave to File Motion for Summary Judgment on the Limited Issue of the Lack of Subject Matter Jurisdiction and Motion for Expedited Briefing Schedule dated March 25, 2004.

**II.  BACKGROUND**

The defendant intends to file a Motion for Summary Judgment challenging the court's subject matter jurisdiction over the Department of Administrative Services of the State of Connecticut. During the relevant time of the actions complained of, the Plaintiff was employed by the State of Connecticut and worked in two of its agencies, the Department of Administrative Services ("DAS") and the Department of Motor Vehicles ("DMV"). The Plaintiff sued the State of Connecticut Department of Administrative Services, Civil Action 3:98-CV-011040 (DJS), in 1998. That matter was successfully mediated by para-judicial officer Walter Schatz on

December 2, 1999 and settled with an agreement memorializing the settlement dated December 9, 1999, (Attachment "1" hereto). One of the conditions of the Settlement Agreement was that the Defendant, State of Connecticut, Department of Administrative Services, would make a good faith effort to find Plaintiff the best full time job for which he is qualified. (Paragraph 4 of Attachment "1" herein). After the matter was settled, Plaintiff worked for the Department of Administrative Services, in a part time position, until June of 2000 when he transferred to a full time position at the Department of Motor Vehicles. However, four weeks later he was discharged from the position at Motor Vehicles and sent back to his part time position at the Department of Administrative Services, from where he was laid off in January of 2003.

### III. ARGUMENT

Title VII of the Civil Rights Act of 1964 defines the term "person" as:

> "one or more individuals governments, governmental agencies political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11 or receivers. 42 U.S.C. §2000e (a)

> Title VII further defines an "employer" as: "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person..." 42 U.S.C. § 2000e(b).

The Defendant in the present matter, in its motion of March 25, 2004, is claiming that no administrative charge was ever filed against the Department of Administrative Services and therefore the Court has no subject matter jurisdiction over any acts complained of by DAS.

In the present matter both DAS and DMV are properly before this Court. The State of Connecticut is the Defendant in this Matter. The State of Connecticut acts through its agencies. Since the "state can act only through its officers and agents, a suit against a state officer is in effect one against the sovereign state." *Horton v. Meskill*, 172 Conn. 615, 623. The State can only act through its officers and agents, a suit against the state officer or employees is in effect one against the sovereign state. *White v. Burns*, 213 Conn. 307, 312 1990; *Lemoine v. McCann*, 40 Conn. App. 460, 463 (1996).

The Supreme Court used agency analysis in *Faragher v. Boca Raton*, 524 U.S. 775, 118 S.Ct. 2275 and found the City of Boca Raton liable for the acts of its employees under Title VII. Section 219(2)(d) of the Restatement, (Second) of Agency states that an employer "is not subject to liability for the torts of his servants acting outside the scope of their employment unless…the servant purported to act or speak on behalf of the principal and there was reliance on apparent authority, or he was aided in accomplishing the tort by the existence of the agency relation. The Court stated:

> "We therefore agree with Faragher that in implementing Title VII it makes sense to hold an employer vicariously liable for some tortuous conduct of a supervisor made possible by abuse of his supervisory authority, and that the aided-by-agency-relation principle embodied in § 219(2)(d) of the Restatement provides an appropriate starting point for determining liability for the kind of harassment presented here." [FN3] *Faragher* at 802.
>
> [FN3] We say "starting point" because our obligation here is not to make a pronouncement of agency law in general or to transplant § 219(2)(d) into Title VII. Rather, it is to adapt agency concepts to the practical objectives of Title VII. As we said in *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 72, 106 S.Ct. 2399, 2408, 91 L.Ed. 2d 49 (1986), "common-law principals may not be transferable in all their particulars to Title VII."

Robert B. Muchinsky, Attorney at Law
39 Russ Street, Hartford, CT 06106 ~ Tel: 860-297-0037 ~ Fax 860-297-0040

Both DAS and DMV are agencies of the State of Connecticut and as such act on behalf of the State of Connecticut. While Plaintiff's Right to Sue letter from the Department of Justice (Attachment "2" hereto) states: "Re: EEO Charge against State of Connecticut, Department of Motor Vehicles, et al." The State of Connecticut is the defendant answering for the actions of its agencies. As in many of these cases, as the parties go through the process from the initial filing of the administrative charge, other incidents may occur, whether discriminatory incidents or incidents of retaliation, by the same or other actors and those additional actors are later identified in the resulting complaint filed with the court. The Department of Administrative Services and its employees all represent and act for the State of Connecticut and are properly named in the complaint and are properly before this Court.

WHEREFORE, because of the foregoing, Defendant's Motion for Leave to File Motion for Summary Judgment on the Limited Issue of Lack of Subject Matter Jurisdiction and Motion for Expedited Briefing Schedule dated March 25, 2004 should be denied.

Respectfully Submitted

By: _____
Robert B. Muchinsky
39 Russ Street
Hartford, CT 06106
Telephone: 860-297-0037
Facsimile: 860-297-0040
Federal Bar No.: ct12702

## CERTIFICATION

I hereby certify that a copy of the foregoing has been mailed, postage prepaid, to the following counsel and pro se parties of record on April 2, 2004.

*Defendants:*

Eleanor Mullen
Assistant Attorney General
55 Elm Street, PO Box 120
Hartford, CT 06141-0120

*Filing Location:*

Clerk of Court
United States District Court
915 Lafayette Boulevard
Bridgeport, CT 06604

Robert B. Muchinsky

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MAHESH K. TALWAR : CIVIL ACTION NO.
: 3-98-CV-01140 (DJS)

v. :

STATE OF CONNECTICUT
DEPARTMENT OF ADMINISTRATIVE : DECEMBER 9, 1999
SERVICES

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

The parties having successfully mediated this law suit before parajudicial officer Walter Schatz on December 2, 1999 enter into the following settlement agreement and general release:

1. Defendant State of Connecticut agrees to make payment of $54,272.78 to plaintiff. This sum represents $51,272.78 in compensatory damages and $3,000 in costs.. This sum does not represent back pay for which there will be no payment. Payment of the $54,272.78 will be made by check to the plaintiff, Mahesh Talwar.

2. Defendant State of Connecticut agrees to make payment of $ 25,727.22 to plaintiff's counsel, Daniel Kryzanski. This sum represents $25,664.00 as attorney's fees and $63.22 as costs.

3. Plaintiff will retain all of his rights as a state employee.

4. Defendant State of Connecticut Department of Administrative Services (DAS) will make a good faith effort to find plaintiff the best full time job for which he is qualified. ~~in the event he is laid off.~~ HT BW

5. Plaintiff agrees that the decision to close the Seymour garage will result in either his transfer to a part time position in Wethersfield or layoff at his option. See the attached election of option. DAS agrees to provide plaintiff with part time work in Wethersfield on the basis of twenty-five hours per week over four days per week in the event plaintiff elects a part-time job in Wethersfield as opposed to layoff.

6. Defendant DAS will remove the January 16, 1998 five day suspension letter from plaintiff's personnel file. DAS will amend plaintiff's time record for the week of January 20, 1998 to January 27, 1998 to show five days leave without pay as opposed to five days suspension. DAS also represents it will not hold the allegation of the mishandling of money against plaintiff with respect to future state employment.

7. Plaintiff's above captioned federal court suit has been dismissed without prejudice subject to being reopened in the event the parties are not able to enter into this settlement agreement. The execution of this agreement precludes the reopening of the judgment of dismissal.

8. In consideration of the terms and conditions described in this agreement, plaintiff for himself, his heirs, and assigns, hereby irrevocably voluntarily and knowingly waives, releases and covenants not to sue the State of Connecticut and/or each of its agencies, officers, successors,

2

predecessors, assigns, agents, attorneys, representatives, employees and trustees, and former employees including the Connecticut Department of Administrative Services and Joseph Holloway (collectively "Releases") both in their official and individual capacities. This waiver, release and covenant not to sue is made with respect to any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts and expenses (including attorney's fees and costs actually incurred), of any nature whatsoever, other than those that are preserved in this agreement, which the plaintiff now has, owns, or holds, or claims to have, own, or hold, or which he at any time heretofore, had, owned, or held, or claimed to have, own or hold against each of any of the Releasees with one exception noted in a paragraph below.

This waiver, release and covenant not to sue includes, but is not limited to, any matters alleged in plaintiff's complaint as amended in the above entitled case, pending grievances that plaintiff has filed pursuant to the applicable collective bargaining agreement, a pending unfair labor practice complaint before the Connecticut State Board of Labor Relations and plaintiff's complaints filed with the Connecticut Commission on Human Rights and Opportunities and the U.S. Equal Employment Opportunity Commission. It includes any possible claim of disability discrimination in violation of federal or state law due to the offer of employment with DAS Fleet Operations at its Wethersfield location as opposed to any other location upon the expected closing of the DAS Fleet Operations Seymour garage. It also includes any possible claim of

violation of any right pursuant to federal law, state law, or the collective bargaining agreement due to the DAS decision to close its operations at the Seymour garage.

The exception to this release, waiver and covenant not to sue is that plaintiff may pursue his pending grievance under the collective bargaining agreement concerning position reclassification. Plaintiff does waive, release and covenant not to sue as to any claim with respect to position reclassification on the basis of discrimination. His claim as to position reclassification is only that his duties warrant a higher position reclassification.

Plaintiff by signing this settlement agreement and release is not waiving any collective bargaining agreement rights as to future events that are not the subject of this settlement agreement and release.

9. Plaintiff understands and agrees that this agreement is a release of disputed claims and does not constitute an admission of liability on the part of DAS as to any matters whatsoever and that DAS merely intends by this agreement to resolve the existing disputes and avoid further litigation.

10. The undersigned parties represent that they have read this settlement agreement and general release in full and, with the advice of counsel, understand and voluntarily consent to each provision contained herein.

4

IN WITNESS WHEREOF the parties have hereunto set their hands DEFENDANT,

STATE OF CONNECTICUT DEPARTMENT OF ADMINISTRATIVE SERVICES

By _____
Barbara Waters
Commissioner
Connecticut Department of Administrative Services

Date 12/24/99

State of Connecticut
County of Hartford

On this 29 day of December, 1999, before me, Mary E. Stubbs, the undersigned officer, personally appeared Barbara Waters, who acknowledged herself to be the representative of the Connecticut Department of Administrative Services, the defendant and that she as such representative, being so authorized to do so, executed the foregoing instrument for the purposes therein contained by signing the name of the defendant by herself as representative.

In witness whereof I hereunto set my hand,

My commission expires Nov 30, 2003

Notary Public or Commissioner of
the Superior Court

5

PLAINTIFF, MAHESH TALWAR

By _____*Mahesh Talwar*_____
      Mahesh Talwar

Date _____12/22/99_____

State of Connecticut
County of _____FAIRFIELD_____

On this the 22 day of December, 1999 before me, DAWTRA KLYONSLY, the undersigned officer, personally appeared Mahesh Talwar, who acknowledged himself to be the plaintiff, and as such executed the foregoing instrument for the purposes therein contained by signing his name.

In witness whereof I hereunto set my hand.

_____[signature]_____
Notary Public or Commissioner of the Superior Court

992910061

6

P. Daniel H. Kryzanski                (203) 375-1949



# STATE OF CONNECTICUT
### DEPARTMENT OF ADMINISTRATIVE SERVICES
### Business Enterprises

### OFFICE OF FLEET OPERATIONS
### 190 HYSHOPE AVE • HARTFORD, CONNECTICUT 06106

To: Steve Dygus, Director of Fleet Operations
Fleet Operations, 190 Huyshope Ave., Hartford, CT 06106

From: Mahesh Talwar, Clerk

Date:

Re: Position Transfer

---

Below I have indicated which of the two (2) options I have selected, as a result of the closing of the Fleet Operations garage in Seymour, Connecticut, as specified in your letter dated November 29, 1999.

---

**OPTION (1)**

___ : be relocated and have his/her name placed on the reemployment list under Article 14, Section Six, but one waiver of a position in the same salary group within thirty (30) miles (round trip) of the employee's former mileage to and from work will result in removal from that list.

_[signature]_

Signature                    Date

---

**OPTION (2)**

___ : be laid off with reemployment rights under Article 14, Section Six, but no bumping rights.

Signature                    Date

---

(1) Listing of geographical area within 30 miles to be Pro



**U.S. Department of Justice**
Civil Rights Division

NOTICE OF RIGHT TO SUE
WITHIN 90 DAYS

CERTIFIED MAIL
0923 0999

*Employment Litigation Section*
*P.O. Box 65968*
*Washington, DC 20035-5968*

April 12, 2001

Mr. Mahesh K. Talwar
33 Eastwood Rd.
Danbury, CT 06811

Re: EEOC Charge Against State of Connecticut, Dept. of Motor Vehicles, et al.
    No. 16AA12001

Dear Mr. Talwar:

Because you filed the above charge with the Equal Employment Opportunity Commission, and more than 180 days have elapsed since the date the Commission assumed jurisdiction over the charge, and no suit based thereon has been filed by this Department, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent under:

> Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. 12111, et seq., and,
> Title V, Section 503 of the Act, 42 U.S.C. 12203.

If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice. If you cannot afford or are unable to retain an attorney to represent you, the Court may, at its discretion, assist you in obtaining an attorney. If you plan to ask the Court to help you find an attorney, you must make this request of the Court in the form and manner it requires. Your request to the Court should be made well before the end of the time period mentioned above. A request for representation does not relieve you of the obligation to file suit within this 90-day period.

The investigative file pertaining to your case is located in the EEOC Boston Area Office, Boston, MA.

This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

Sincerely,

William R. Yeomans
Acting Assistant Attorney General
Civil Rights Division

by *Karen J. Ferguson*
Karen L. Ferguson
Civil Rights Analyst
Employment Litigation Section

cc: Boston Area Office, EEOC
    State of Connecticut, Dept. of Motor Vehicles, et al.