UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MAHESH TALWAR, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:01CV1089(SRU) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | : | |
| DEPARTMENT OF MOTOR VEHICLES | : | |
| And DEPARTMENT OF | : | |
| ADMINISTRATIVE SERVICES, | : | |
| *Defendants* | : | April 12, 2004 |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**

I.   INTRODUCTION

The plaintiff, Mahesh Talwar, a former employee of the Department of Motor Vehicles ("DMV") and the Department of Administrative Services ("DAS"), filed the above-entitled action against the two state agencies.  Although the pleadings are not entirely clear, the plaintiff apparently alleges a breach of contract claim against DAS for failing to fulfill its obligations under a settlement agreement that arose out of settlement of a prior federal lawsuit.  In addition, plaintiff alleges a Title VII claim for race discrimination and retaliation against DMW for his alleged termination from DMV.  Plaintiff seeks monetary and equitable relief.

The defendants hereby submit this brief in support of their motion to dismiss the complaint as to the defendant DAS pursuant to Fed. R. Civ. Proc. 12(b)(1) to the extent it alleges a breach of contract claim against the defendant DAS based on the Court's lack of jurisdiction over the subject matter of the complaint as it relates to the breach of contract claim against DAS on the following grounds:

1.      The Federal Court has no continuing or ancillary jurisdiction over enforcement of the settlement agreement that arose out of dismissal of plaintiff's prior federal action.

2.      The Eleventh Amendment bars plaintiff's state law claim for breach of contract against defendant DAS

3.      Plaintiff has not obtained permission to sue from the Claims Commissioner on his state law claim for breach of contract against defendant DAS.

**II.     STANDARDS FOR MOTION TO DISMISS**

The function of a motion to dismiss is to test the legal feasibility of a complaint. Ryder Energy Distribution Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). A complaint should be dismissed if it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In deciding a motion to dismiss the court assumes all factual allegations in the complaint are true and construes them most favorably to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In addition to the complaint, the court may consider and construe any exhibit attached to the complaint. Paulemon v. Tobin, 30 F.3d 307, 308-09 (2d Cir. 1994). Moreover, a document outside the pleadings may be considered if: "1) there was undisputed notice to plaintiffs of the document's contents and 2) the document was integral to plaintiff's claim." Degrooth v. General Dynamics Corp., 837 F. Supp. 485 (D. Conn.1993), *affirmed* 28 F.3d 103 (1994) *cert. denied* 513 U.S. 1043 (1994).

For the reasons set forth herein, the complaint should be dismissed in its entirety as to the defendant DAS based on the Court's lack of jurisdiction over the subject matter of the complaint as it relates to the breach of contract claim against DAS.

**III.    ARGUMENT**

**A.    THE FEDERAL COURT HAS NO CONTINUING OR ANCILLARY JURISDICTION OVER ENFORCEMENT OF THE SETTLEMENT AGREEMENT THAT AROSE OUT DISMISSAL OF PLAINTIFF'S PRIOR FEDERAL ACTION.**

At the outset, a federal court has power to enforce its own orders or decrees. Therefore, a predicate for exercising jurisdiction over a settlement agreement that is not part of a court order requires an independent basis for federal jurisdiction.

The United States Supreme Court in Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 114 S.Ct. 1673 (1994), set forth the rule regarding the federal court's lack of continuing jurisdiction over enforcement of a settlement agreement that arose out of dismissal of a federal action. The unanimous Supreme Court held that enforcement of a settlement was "more than just a continuation or renewal of the dismissed suit, … hence {it} required its own basis for jurisdiction," and no such independent basis of jurisdiction existed." Id. at 378. The Supreme Court further held that, in these circumstances, a suit to enforce a settlement merely "involves a claim for breach of contract, part of the consideration for which was dismissal of an earlier federal suit." Id. at 381. Because "no federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute," enforcement of the settlement agreement is for the state courts. Id.

In reaching its conclusion, the Supreme Court noted that "the situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal—either by separate provision (such as a provision 'retaining jurisdiction' over the settlement agreement) or by incorporating the terms of the settlement agreement in the order." Id. In such a case, the Court noted, "a breach of the agreement would

3

be a violation of the [court's] order." Id.  And under the familiar principle that a court has ancillary jurisdiction "relating to the court's power to protect its proceedings and vindicate its authority," Id at 380, "ancillary jurisdiction to enforce the agreement would exist." Id at 381.

The United States Court of Appeals for the Second Circuit, following the holding in Kokkonen, has often compared settlement agreements to contracts, and consistently applied the law of contract to disputes concerning the construction and enforcement of settlements." See Torres v. Walker, 356 F. 3d 238, 2004 U.S. App. LEXIS 1035 (2d. Cir, 2004) (copy attached as Ex. 1).  The Court in Torres held that there must be "sufficient judicial imprimatur" to indicate the district court's express retention of jurisdiction over the enforcement of the settlement agreement to confer ancillary jurisdiction on the district court for enforcement of the settlement agreement.  The Court in Torres distinguished the settlement agreement in Geller v. Branic International Realty Corp., 212 F.3d 734, 737 (2d Cir. 2000), in which the court ordered a stipulated agreement and accepted some obligations for enforcement of the provisions of the settlement agreement "that are not within the power of the litigants to perform, but rather lie within the power of the district court ordering the settlement." Torres, 356 F.3d at 244 citing Geller, 212 F.3d at 737).  In Geller, one such obligation was to ensure that the confidentiality provisions of a settlement agreement were honored.  The Court concluded that when a stipulated agreement required that the entire case be sealed, "a district court should carefully scrutinize the terms of [the] stipulated confidentiality order before endorsing it" and that a district court must subsequently enforce such a stipulation once it was endorsed by the court. Torres v. Walker, 356 F.3d at 244 quoting Geller, 212 F.3d at 737-738.

In this case, the order of dismissal in plaintiff's prior case pursuant to Fed. R. Civ P. 41(a)(2) does not carry with it  "sufficient judicial imprimatur" to confer jurisdiction on the

4

district court for enforcement of the settlement agreement. (See Ex.2 and Ex. 3 attached hereto). The court's order contains no provision expressly retaining jurisdiction to monitor compliance with the terms of the settlement agreement nor does it incorporate the terms of the settlement agreement.  The bottom line is that the district court never ordered the parties to enter into the settlement agreement let alone even reviewed its terms.  The simple fact that the settlement agreement arose out of dismissal of a federal action is not "sufficient judicial imprimatur." Absent such "sufficient judicial imprimatur,"  the settlement agreement is nothing more than a private agreement between the parties whose enforcement is a matter for the state courts.

**A.    THE ELEVENTH AMENDMENT BARS PLAINTIFF'S STATE LAW CLAIM FOR BREACH OF CONTRACT AGAINST DEFENDANT DAS.**

The named defendant in this case, DAS, is a state agency.

The Eleventh Amendment provides as follows:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of any State, or by Citizens or Subjects of any Foreign State.

The United States Supreme Court has consistently held that any unconsenting State is immune from suits brought in federal courts by its own citizens as well as by citizens of another State. Atascadero State Hospital v. Scanlon, 473 U.S. 234, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985); Edelman v. Jordan, 415 651, 663, 94 S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974); Hans v. Louisiana, 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed.2d 842(1890).  In the absence of consent, a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment. See *e.g*. Florida Dept. Of Health and Rehabilitative Services v. Florida Nursing Home Assn., 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981) (per curiam).  "This jurisdictional bar applies regardless of the relief sought." Pennhurst State School & Hospital v.

Halderman, 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984).  Federal jurisdiction over suits against unconsenting States "was not contemplated by the Constitution when establishing the judicial power of the United States. Hans v. Louisiana, 134 U.S. At 15, 10 S.Ct. at 507.

A State may waive its Eleventh Amendment immunity, Atascadero State Hospital v. Scanlon, 105 S.Ct. at 3145 or, in the absence of a waiver by the State, Congress may, pursuant to its authority under section 5 of the Fourteenth Amendment, abrogate the Eleventh Amendment. Fitzpatrick v. Bitzer, 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976).  However, no such waiver may be found by the court unless the State has spoken in the "most express language or by such overwhelming implications from the test as [will] leave no room for any other reasonable construction." Edelman v. Jordan, 415 U.S. at 673, 94 S.Ct. at 1361 (quoting Murray v. Wilson Distilling Co., 213 U.S. 151, 171, 29 S.Ct. 458, 464, 53 L.Ed. 742 (1909)).

Applying these principles to the plaintiff's claims for damages both monetary and equitable on his breach of contract claim, it is clear that such claim is barred by the Eleventh Amendment.  There is no allegation that the state has consented to this suit or that Congress has abrogated the defendant's Eleventh Amendment immunity as to plaintiff's breach of contract claim.  In the absence of consent by the State of Connecticut or abrogation of the Eleventh Amendment by Congress, the plaintiff's claims for any relief against the State of Connecticut as they relate to his breach of contract claim must be dismissed.

The Eleventh Amendment bar to suit in federal courts extends not only to the state itself but also to any of its agencies. See e.g. Florida Dept. Of Health and Rehabilitative Services v. Florida Nursing Home Assn., 450 U.S. 147, 101 S.Ct. 1032, 67 L.Ed.2d 132 (1981) (per curiam). In the absence of consent by the State of Connecticut or abrogation of the Eleventh Amendment

by Congress, the plaintiff's claims for any relief against DAS on his breach of contract claim must be dismissed and judgment should enter in favor of DAS as a matter of law on that claim.

### IV. THE COURT HAS NO ANCILLARY OR PENDENT JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIM FOR BREACH OF CONTRACT AGAINST DEFENDANT DAS BECAUSE PLAINTIFF HAS NOT OBTAINED PERMISSION TO SUE FROM THE CLAIMS COMMISSIONER ON HIS STATE LAW CLAIM.

Connecticut law has long recognized the common law doctrine that the state may not be sued without its consent. Since the state can only act through its officers and agents, a suit against a state officer is effectively a suit against the state itself. Horton v. Meskill, 172 Conn. 615, 623, 376 A.2d 359 (1977). Absent legislative authority, the courts must decline to permit any monetary award against the state or its officials acting within the scope of their employment. There are three instances in which the state or its agents may be sued. There are when: (1) the state has expressly waived sovereign immunity through legislation or by consenting to suit; (2) an action merely seeks declaratory or injunctive relief based on a claim of constitutional violation; or (3) an action seeks declaratory or injunctive relief based on a claim that an official exceeded his statutory authority. White v. Burns, 213 Conn. 307, 312, 567 A.2d 1195 (1990).

In 1959 the legislature enacted a statutory procedure for waiving the state immunity to suits for damages. The General Assembly established the Office of the Claims Commissioner, for the adjudication of claims against the state or for permission to sue the state. See Conn. Gen. Stat. §§ 4-141, 4-158, 4-160. Through this statutory enactment, a cause of action against the state for breach of contract is now exclusively recognized and controlled by Conn. Gen. Stat. § 4-160. However, the state's waiver of its sovereign immunity does not provide for a direct legal action against the state. Before suit may be filed, permission to sue the state must be obtained by

a claimant using the statutory procedure outlined in Conn. Gen. Stat. § 4-147 through 4-158.

Section 4-160 explicitly states:

> When the Claims Commissioner deems it just and equitable, he may authorize suit against the state on any claim which, in his opinion, presents an issue of law or fact under which the state, were it a private person, could be liable.
> Conn. Gen. Stat. § 4-160.

Since in the present action the plaintiff does not allege facts demonstrating consent from the Claims Commissioner to bring an action against the defendant DAS for breach of contract, the Court can exercise no ancillary or pendent jurisdiction over his state law claim against the defendant DAS that is otherwise barred by sovereign immunity and the Eleventh Amendment.[1]

For all the foregoing reasons, the complaint should be dismissed pursuant to Rule 12(b)(1) to the extent it alleges a breach of contract claim against the defendant DAS based on the Court's lack of jurisdiction over the subject matter of the complaint as it relates to the breach of contract claim against DAS.

---

[1] Even if plaintiff had obtained permission to sue from the Claims Commissioner on his breach of contract claim against DAS, Conn. Gen. Stat. §4-160(d) provides for waiver of sovereign immunity only in state court, not federal court.

                    DEFENDANTS
                    STATE OF CONNECTICUT
                    DEPARTMENT OF MOTOR
                    VEHICLES and DEPARTMENT OF
                    ADMINISTRATIVE SERVICES

                    RICHARD BLUMENTHAL
                    ATTORNEY GENERAL

BY: _____
                    Joseph A. Jordano
                    Assistant Attorney General
                    Federal Bar No. ct.21487
                    55 Elm Street, P.O. Box 120
                    Hartford, CT  06141-0120
                    Tel: (860) 808-5340
                    Fax: (860) 808-5383
                    E-Mail Address:
                    eleanor.mullen@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Defendants' Memorandum In Support Of Motion To Dismiss was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedure on this 12th day of April, 2004, first class postage prepaid to:

Robert B. Muchinsky, Esq.
39 Russ Street
Hartford, CT  06106

_____
Joesph A. Jordano
Assistant Attorney General