UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF CONNECTICUT

FILED

2004 MAY 11  A 9:12

U.S. DISTRICT COURT
BRIDGEPORT, CONN

MAHESH TALWAR
    Plaintiff

v.

STATE OF CONNECTICUT,
DEPARTMENT OF MOTOR VEHICLES
    Defendant

CIVIL ACTION NO.
3:01CV1089(SRU)

MAY 10, 2004

## MEMORANDUM IN SUPPORT OF MOTION IN LIMINE

### FACTS

This case was commenced nearly four years ago on June 13, 2001 (Doc.#1). On June 13, 2001, the Court entered a scheduling order setting the deadline for discovery as December 13, 2001. (Doc.#2). On January 14, 2002, the Court approved by margin order the Rule 26(f) Report of Parties Planning Meeting, dated January 9, 2002, (Doc.# 16) which set forth the deadline for discovery as being August 1, 2002, and, in addition, set forth dates for the disclosure of expert witnesses; specifically designation of expert witnesses on the part of the plaintiff by May 1, 2002, and depositions of the same to be completed by June 1, 2002. Subsequently, plaintiff' substitute counsel, Douglas J. Lewis, filed his appearance together with a motion for extension of time for discovery for a period of six (6) months from the dates otherwise ordered pursuant to the Court's order of January 14, 2002. (Doc.#19, #20). The motion was approved by margin order, dated August 8, 2002 resetting the deadline for discovery to February 1, 2003. (Doc. #21). On November 5, 2002, plaintiff's substitute counsel, Robert B. Muchinsky, Esq. entered his appearance on behalf of the plaintiff and filed a joint motion for extension of time

1

together with defendant's counsel. (Doc.#23) which was granted by margin order resetting the discovery deadline for March 15, 2003. (Doc.#22, #23). Accordingly, fact discovery closed on March 15, 2003.

Defendant's interrogatories and requests for production included interrogatories requesting identification of expert witnesses, the names of medical providers and whether plaintiff claimed aggravation of any pre-existing injury. Plaintiff responses, dated February 5, 2002, set forth the following responses: "None" or "Not applicable." (See Ex. 1 attached hereto).

In addition, defendants' requests for production requested copies of medical reports and records for injuries incurred as result of the incidents alleged in the complaint as well as psychiatric or psychological records for the past ten years, fully executed medical records release authorizations, copies of all reports prepared by expert witnesses, and all documents that relate to any alleged loss, damage, suffering, injury, distress or harm related to the incidents alleged in the complaint. Plaintiff's, responses set forth the following responses "None" or "Not applicable." (See Ex. 1 attached hereto).

## ARGUMENT

### EXPERTS NOT PROPERLY DISCLOSED PURSUANT TO RULE 26 FEDERAL RULES CIVIL PROCEDURE MUST BE PRECLUDED FROM TESTIFYING AT TRIAL.

The discovery rules are designed to facilitate trial proceedings and to make "trial less of a game of blindman's bluff and more a fair contest with basic issues and facts disclosed to the fullest practical extent." United States v. Proctor & Gamble, 356 U.S. 677, 682, 78 S. Ct. 983 (1958).

Under Fed. R.Civ. P. 26(a)(2), parties engaged in litigation possess the obligation

2

to "disclosed to other parties the identity of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." Fed. R. Civ. P. 26(a)(2)(A). "The purpose of this rule is to give parties a reasonable opportunity to prepare an effective cross-examination of the opposing parties' expert witnesses and, if necessary, arrange for testimony from other experts." Won Joo Hyun, PPA Sook Hi Kim and Sook Hi Kim v. South Kent School, 1997 U.S. Dist. LEXIS 14622 (Dis. CT. 1997) quoting 6 James W. Moore et al., Moore's Federal Practice, §26.23[2] (3d ed. 1997).

Rule 26(a)(2)(C) Fed. R. Civ. P. establishes a specific timetable for the disclosure of expert testimony. Under this subsection, "expert witness disclosures shall be made either at the time directed by the court or agreed to by stipulation or, in the absence of such an order or stipulation, at least 90 days before the trial date or the date the case is to be ready for trial.. Rule 37(c)(1) Fed. Rule Civ. P. requires a showing of substantial justification for failure to disclose information required by Rule 26(a). It provides in part"

> "A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule(e)(2), is not, unless such failure is harmless permitted to use as evidence at a trial … any witness or information not disclosed"

Compliance with Rule 26 is necessary for the elimination of unfair surprise to the opposing party and the conservation of resources." Won Joo Hyun, PPA Sook Hi Kim and Sook Hi Kim v. South Kent School, quoting Sylla-Sawdon v. Uniroyla Goodrich Tire Co., 47 F.3d 277, 284 (8th Cir.), cert denied, 133 L.Ed.2d 42 (1995). The Court in Woo Joo Hyun, PPA Sook Hi Kim and Sook Hi Kim found the defendant greatly

3

disadvantaged by the untimeliness of the plaintiff's disclosure of expert witnesses and their report. Id. In addition, the Court found the length of delay egregious in failing to disclose expert witnesses until approximately one year after the deadline set forth in the scheduling order. Id.

In the present case, the Rule 26(f) Report which was approved by margin order required the disclosure of plaintiff's expert witnesses by May 1, 2002, and depositions of the same to be completed by June 1, 2002. Plaintiff's counsel did not disclose any expert witnesses by this deadline or nor did any substitute counsels disclose any experts by any subsequent extension of the discovery deadline or request permission of the Court for an extension of time to disclose experts. In addition, neither plaintiff's counsel nor substitute counsel supplemented plaintiff's responses to defendant's interrogatories and request for production within the time period provided for disclosure of experts or any subsequent extension for discovery. Accordingly, plaintiff's counsel cannot establish substantial justification for the failure to disclose the experts now listed as witnesses in the Joint Trial Memorandum. In addition, plaintiff's counsel cannot establish harmless failure because defendant has been prejudiced in plaintiff's disclosure upon the eve of trial and has been denied the opportunity to depose plaintiff's experts and hire their own. Accordingly, plaintiff should be barred from presenting any testimony of expert witnesses.

In the alternative, if the court is inclined to permit such opinions, the defendant seeks a continuance of one hundred and twenty days (120) days to retain its own expert, have the plaintiff examined by the new expert, have the expert disclosed pursuant to Rule 26(a)(2)(C) fed. R. Civ. P.

DEFENDANT<br>
STATE OF CONNECTICUT<br>
DEPARTMENT OF MOTOR<br>
VEHICLES

By _____

Joseph A. Jordano
Assistant Attorney General
Federal Bar No. 02148
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel. (860) 808-5340
Fax. (860) 808-5383

## **CERTIFICATION**

I hereby certify that a copy of the foregoing Motion in Limine was mailed, first class postage prepaid, this 10th day of May, 2004 to:

Robert B. Muchinsky, Esq.
39 Russ St.
Hartford, CT 06016-1566

_____
Joseph A. Jordano

5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MAHESH K. TALWAR<br>*Plaintiff* | : CIVIL ACTION NO.<br>: 3:01CV01089(SRU) |
| v. | : |
| STATE OF CONNECTICUT,<br>DEPARTMENT OF MOTOR VEHICLES,<br>AND DEPARTMENT OF ADMINISTRATIVE<br>SERVICES<br>*Defendants* | :<br>:<br>:<br>: FEBRUARY 05, 2002 |

### DEFENDANTS' INTERROGATORIES
### AND REQUESTS FOR PRODUCTION
### TO THE PLAINTIFF, MAHESH K. TALWAR

Pursuant to the provisions of Rules 33 and 34 of the Federal Rules of Civil Procedure, the defendants, State of Connecticut, Department of Motor Vehicles and Department of Administrative Services, through counsel hereby requests the plaintiff, Mahesh K. Talwar, respond to the following interrogatories within thirty (30) days of the certification of the mailing hereof, and to produce for inspection and/or copying such documents as may be hereinafter requested.

### INSTRUCTIONS AND DEFINITIONS:

1.  These interrogatories and requests for production shall be deemed to be continuing in nature. Amended answers are required, to the date of the trial, if any, as supplemental or additional information is discovered.

EXHIBIT 1

3. Identify each person whom you expect to call as an expert witness at trial concerning the incident(s) alleged in your Complaint, and for each such expert witness provide the subject matter upon which he/she is expected to testify. See Instructions and Definitions, paragraph #7.

**ANSWER:** None.

4. State whether you, your attorney, or any other representative has any photographs, drawings, charts, diagrams, maps, models or other tangible evidence prepared by parties, witnesses or experts expected to testify in this case concerning any of the events alleged in your Complaint. If so, identify any person(s) who have custody or control of any of the materials referred to above, specifically describing which of the materials each such person possesses.

**ANSWER:** No.

7

...

5. If you have received medical treatment (physical, mental or otherwise) for the injuries alleged in your Complaint from any hospital, clinic, physician, nurse or other health care provider, please identify each such hospital, clinic, physician, nurse or other medical practitioner from whom you received such examination or treatment, and state the date(s) upon which such medical treatment(s) was received and state whether the physician and/or health care provider rendered an opinion respecting the nature and extent of the injuries, conditions and/or disabilities claimed by you. See Instructions and Definitions, paragraph #15.

**ANSWER:**   Not applicable.

6. If you claim that you are not fully recovered from the injuries alleged in your Complaint, state in detail the nature of the injuries, conditions and/or disabilities from which you are presently suffering.

**ANSWER:**   Not applicable.

7. If you claim that the incident alleged in your Complaint aggravated or otherwise adversely affected any pre-existing physical, mental or emotional condition, disease, disability or defect, describe said condition, disease, disability or defect, and state when it was first incurred or diagnosed.

**ANSWER:** Not applicable.

8. At any time between 1989 and the present date, did plaintiff tape record or record by any electronic means, any conversation with any person employed by the State of Connecticut Department of Motor Vehicles and/or Department of Administrative Services, the contents of which might pertain in any way to the allegations contained in this complaint?

**ANSWER:** No.

9

B. <u>REQUESTS FOR PRODUCTION</u>:

The defendant(s) requests the plaintiff to produce, or make available for inspection and copying, the following:

1. Copies of all medical reports and records, and itemized statements of medical expenses, pertaining to examination and/or treatment of the plaintiff for injuries incurred as a result of the incident(s) alleged in the Complaint, including but not limited to, nurse's notes, charts, treatment summaries, physician's reports, bills or statements for prescription drugs or medicines, physician's services, hospital and/or operating room expenses, appliances, ambulance costs, recovery expenses and any other bills, costs or expenses referred to in answer to any of these interrogatories.

<u>RESPONSE</u>:   None.

2. Produce fully executed medical records release authorizations, which have been attached, for each health care provider identified in response to Interrogatory No. 5.

<u>RESPONSE</u>:   Not applicable.

18

6. Copies of any and all photographs, reports, papers, books, documents, maps, drawings, diagrams, models, electronic recordings or other tangible evidence expected to be used at trial and which were identified in the plaintiff's answer to Interrogatory No. 4 above.

**RESPONSE**: None.

7. Copies of all reports prepared by expert witnesses as identified in your answer to Interrogatory No. 3 above.

**RESPONSE**: None.

8. All documents that relate to any treatment, examination or consultation that you received in the past ten (10) years for any psychiatric or psychological illness, disorder or condition.

**RESPONSE**: None.

9.  All documents that relate to any alleged loss, damage, suffering, injury, distress or harm you sustained relating to or resulting from any of the events or circumstances alleged in your complaint.

**RESPONSE**:   None.

10.  All documents, notes, diaries or other writings kept by plaintiff that relate or refer to allegations in the complaint.

**RESPONSE**:   None.

11.  All documents identified in answering or used or relied upon by the plaintiff in preparing answers to any of the defendants' interrogatories.

**RESPONSE:**  None.

21

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MAHESH K. TALWAR : CIVIL ACTION NO.
*Plaintiff* : 3:01CV01089(SRU)
:
v. :
:
STATE OF CONNECTICUT,
DEPARTMENT OF MOTOR VEHICLES,
DEPARTMENT OF ADMINISTRATIVE
SERVICES :
*Defendants* : FEBRUARY 05, 2002

## OATH OF RESPONDENT

I, _Mahesh Talwar_, being of sound mind and legal age, and having been duly sworn, do hereby depose and say that:

1. I am the respondent identified in interrogatory no. 1 above.

2. The answers and documents provided in response to the attached interrogatories and requests for production are true, accurate and complete to the best of my knowledge and belief, excepting only those to which I have objected, if any.

_Mahesh Talwar_
Mahesh K. Talwar

Subscribed and sworn to before me this _4th_ day of _March_, 2002.

Commissioner of the Superior Court/
~~Notary Public~~

24