**FILED**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2004 MAY 11  A 9: 12

U.S. DISTRICT COURT
BRIDGEPORT, CONN

MAHESH K. TALWAR                                :        Civil Action No.
                                                         3:01CV01089(SRU)

v.                                              :

STATE OF CONNECTICUT,                           :
DEPARTMENT OF MOTOR VEHICLES AND
DEPARTMENT OF ADMINISTRATIVE SERVICES           :        May 10, 2004

## JOINT PRETRIAL MEMORANDUM

Pursuant to this Court's Order dated December 17, 2003, the parties respectfully submit

the following Trial Memorandum.


1.      **TRIAL COUNSEL**

        A.      **The Plaintiff**

                Robert B. Muchinsky, Atty.
                Law Offices of Robert B. Muchinsky, LLC
                39 Russ Street
                Hartford, CT  06106
                Tel:  860-297-0035
                Fax:  860-297-0040
                Federal Bar No.: CT12702


        B.      **The Defendant**

                Joseph Jordano, Assistant Attorney General
                55 Elm Street, PO Box 120
                Hartford, CT 06141-0120
                Tel:  860-808-5340
                Fax:  860-808-5383
                Federal Bar No. ct21487

Eleanor Mullen, Assistant Attorney General
55 Elm Street, PO Box 120
Hartford, CT 06141-0120
Tel: 860-808-5340
Fax: 860-808-5383
Federal Bar No. ct22430

**2.    JURISDICTION**

Defendant claims the complaint sets forth no basis for federal jurisdiction in the

complaint, filed on or about June 13, 2001.

Plaintiff claims that jurisdiction is based on federal question jurisdiction as to the claim

under Title VII of the Civil Rights Acts of 1964.

**3.    JURY TRIAL**

The plaintiff has requested a jury trial.

**4.    LENGTH OF TRIAL**

The parties estimate that they will need approximately four (4) to six (6) days to present

this case.

**5.    FURTHER PROCEEDINGS**

Plaintiff will file a Motion in Limine.    Defendant has attached its Motion in Limine.

A Motion To Dismiss against the defendant, Department of Administrative Services,

("DAS") for lack of subject matter jurisdiction is pending. (uncontested).

**6.    NATURE OF CASE**

This is a case brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000 against the Department of Motor Vehicles (hereinafter "DMV"). The complaint alleges claims for retaliation as well as discrimination based on race, color or national origin against DMV. Plaintiff also alleges that he was retaliated against for having opposed discriminatory practices of state agencies on a prior occasion.

In addition to the issues of race discrimination and retaliation under Title VII, defendant raises the issue of lack of subject matter jurisdiction over the complaint as it relates to the defendant, the Department of Administrative Services, (hereinafter "DAS") based on plaintiff's failure to exhaust his administrative remedies against the defendant DAS. Defendant furthermore raises the issue of lack of subject matter jurisdiction to the extent that the complaint raises a breach of contract claim against DAS.

7.    **TRIAL BY MAGISTRATE JUDGE**

Counsel have not agreed to a trial by a Magistrate Judge.

8.    **WITNESSES**

**A. PLAINTIFF'S LIST OF WITNESSES**

The Plaintiff may call all or some of the following witnesses:

1.    Mahesh Talwar, Danbury, CT. Mr. Talwar is the Plaintiff in this action.

2.    Tim Philavanh, Danbury, CT 06811. Mr. Philavanh is a former co-worker of the Plaintiff at DMV and will testify as to his knowledge regarding any facts relating to the claims alleged in Plaintiff's complaint.

3

3.      Marco Montiero, Danbury, CT 06811. Mr. Montiero is a former co-worker of
        the Plaintiff at DMV and will testify as to his knowledge regarding any facts
        relating to the claims alleged in Plaintiff's complaint

4.      Naresh Talwar, Brookfield, CT. Mr. Talwar is the brother of the Plaintiff and will
        testify as to his knowledge regarding any facts relating to the claims alleged in
        Plaintiff's complaint. Mr. Talwar also has knowledge regarding an attempt to
        intimidate Plaintiff by Defendant.

5.      Mary D. Kotiadis, Newington, CT 06111. Ms. Kotidas is the former Human
        Resource Manager for DMV and will testify as to her knowledge regarding the
        plaintiff's hiring and termination from DMV as well as her knowledge any facts
        relating to the claims alleged in Plaintiff's complaint.

6.      Susan Patton, Department of Motor Vehicle. Ms. Patton is Plaintiff's former
        supervisor at DMV and will testify as to her knowledge regarding any facts
        relating to the claims alleged in Plaintiff's complaint.

7.      Mary Graziosa, Department of Motor Vehicles. Ms. Graziosa is a former co-
        worker of the Plaintiff at DMV and will testify as to her knowledge regarding any
        facts relating to the claims alleged in Plaintiff's complaint.

8.      Michael Marcelynas, Department of Motor Vehicles. Mr. Marcelynas is a former
        co-worker of the Plaintiff at DMV and will testify as to his knowledge regarding
        any facts relating to the claims alleged in Plaintiff's complaint.

9.    Kara Rivera, New Haven, CT.  Ms. Rivera was Plaintiff's Supervisor at Autotote and will testify as to her experience with Plaintiff at Autotote.

10.    Paul Yankowski, Prospect, CT  06712.  Mr. Yankowski is a former co-worker of the plaintiff at DMV and will testify as to his knowledge and experience of Plaintiff's work at DMV.

The Plaintiff reserves the right to supplement its witness list once they have received Defendant's finalized list and for rebuttal purposes and to call any of plaintiff's witnesses.

### B.    DEFENDANT'S LIST OF WITNESSES

The defendant hereby submits its list of witnesses that they expect to call at trial.  An effort has been made to be over-inclusive in light of the Court's order that persons not listed may not be called.  The defendant reserves the right to shorten the list and not call certain witnesses depending on the evidence adduced during the plaintiff case in chief or to call any of the plaintiff's witnesses.

1.    Mahesh Talwar, plaintiff, Danbury, CT, will be called to testify about any of the allegations in the complaint, about all subjects mentioned in his testimony, during his deposition, or contained in statements pertaining to this case.

2.    Susan Patton,  Department of Motor Vehicles, Branch Manager, will testify as to her supervision of plaintiff and his performance in the workplace at the Danbury Branch of the DMV, plaintiff's behavior, attitude, demeanor and statements towards others in the workplace, plaintiff's performance appraisal, and any facts relating to issues raised in the plaintiff's pleading.

3.   Tim Godfrey, Department of Motor Vehicles, Motor Vehicle Specialist, will testify as to his training of plaintiff at the Danbury Branch, plaintiff's behavior, attitude, demeanor and statements towards others in the workplace, and any facts relating to issues raised in the plaintiff's pleading.

4.   Mary Graziosa, Department of Motor Vehicles, former Motor Vehicle Specialist, now Head Examiner, will testify as to her training of plaintiff at the Danbury Branch, plaintiff's behavior, attitude, demeanor and statements towards others in the workplace, and any facts relating to issues raised in the plaintiff's pleading.

6.   Robin Komornik, former Supervisor, Norwalk DMV, will testify to her supervision of plaintiff, plaintiff's behavior, attitude, demeanor and statements towards others in the workplace, and any facts relating to issues raised in the plaintiff's pleading.

7.   Beth Krantz, Head Supervisor, formerly Norwalk DMV now Hamden DMV, will testify to her supervision of plaintiff, plaintiff's behavior, attitude, demeanor and statements towards others in the workplace, and any facts relating to issues raised in the plaintiff's pleading.

9.   Mary Kotiadis, former DMV Human Resources Manager, will testify to the hiring of plaintiff, plaintiff's behavior, attitude, demeanor and statements towards others in the workplace, plaintiff's performance appraisal, his transfer back to DAS and any facts relating to issues raised in the plaintiff's.

10.   Barbara Tanuis, DMV Bureau Chief, will testify to the hiring of plaintiff and his transfer back to DAS.

6

11.    David Lynn, Principal Personnel Officer, will testify to the issue of mitigation of
damages and if, necessary, the grievances files by the plaintiff during his
employment at DAS to plaintiff.

12.    Diane Fitzpatrick, Human Resources Business Center, Department of
Administrative Services, will testify about recent job fairs and two openings at
Southern Connecticut State University.

13.    Meenu Talwar, 33 Eastwood Rd., Danbury, CT 06811, will testify about her
involvement in the plaintiff's lawsuit and her relationship with the plaintiff.

14.    James G. Patton III, 39B East Lake Dr., Danbury, CT 06811, will testify about a
phone call received on his caller ID from Naresh Talwar and subsequent actions
that he took regarding the same.

15.    Michael Marcelynas, DMV Motor Vehicle Specialist, will testify about any facts
relating to issues raised in the plaintiff's pleading.

16.    Paul Yankowski, DMV Motor Vehicle Specialist, will testify about any facts
relating to issues raised in the plaintiff's pleading.

17.    Custodian of the Records, Wellesley Inn – Danbury, 116 Newtown Rd., Danbury,
CT 06810.

18.    Custodian of the Records, Residence Inn by Marriott Danbury, 22 Segar St.,
Danbury, CT 06810.

The defendant reserves the right to supplement its witness list once they have received
plaintiff's finalized list and for rebuttal purposes and to call any of plaintiff's witnesses.

7

## 9.    DEPOSITION TESTIMONY

The parties do not anticipate any testimony by deposition at trial.  However, Mary Kotiadis, a witness is known to spend time in Greece and her availability is not yet been ascertained.

## 10.    **EXHIBITS**

### A.    PLAINTIFF'S LIST OF EXHIBITS

The parties have made a good faith effort to identify all exhibits that they anticipate using at trial but reserve the right to seek to introduce additional exhibits if the events at trial merit doing so. In addition, the parties' reserve the right to offer any or none of the exhibits listed below at the time of trial.  Finally, with the exception of joint exhibits, should a party wish to offer an exhibit listed on his opponent's exhibit list, appropriate steps pursuant to the federal rules of procedure and evidence should be taken by him.

1.    Notice of internal Career Opportunity.

2.    Motor Vehicle Examiner Job Description.

3.    New Employee Information Sheet.

4.    Job Announcement.

5.    Clerk Job Description.

6.    Routine Duties of an MV Examiner.

7.    Letter dated June 6, 2000 from Mary Kotiadis.

8.    Letter dated May 30, 2000 from Stephen Shonta to Paul Yankowski

9.    Memorandum dated 7/13/00 from Timothy Godfrey.

10.    Handwritten memorandum from Mary Graziosa.

11.    Copies of notes.

12.    Memorandum of 9/29/00 from Susan M. Patton.

13.  State of Connecticut Automated Personnel Listing.

14.  Copy of AFSCME Agreement Section 34.

15.  DMV Passport System Notification.

16.  List of Codes.

17.  Plaintiff's Performance Appraisal dated 7/14/00.

18.  Plaintiff's Performance Appraisals from 1994 to 2001.

19.  Plaintiff's Performance Appraisals from Autotote from 1998 to 2001.

20.  Letter dated July 14, 2000 from Autotote concerning Plaintiff.

21.  Letter dated March 4, 2003 from Eleanor M. Mullen.

22.  Letter dated March 5, 2003 from Eleanor M. Mullen.

23.  Letter dated March 2, 2001 from Mary Kotiadis.

24.  Letter dated February 15, 2001 from Mary Kotiadis.

25.  Memorandum dated 2/22/01 from Susan Patton.

26.  Personnel documents of Marco Montiero.

27.  Copy of Plaintiff's paystub 8/22/02.

28.  Certificate of Appreciation.

29.  Letter dated May 31, 1994 from Stephen Shapiro.

30.  Letter dated April 7, 1999 from Executive Board of AFSCME.

31.  Copy of Superior Court Information, Disposition date of 1/10/01.

32.  Examples of Plaintiff's work.

33.  Examples of Plaintiff's work.

34.  Examples of DMV work.

35.  Examples of DMV work.

36.   Copy of Fairfield County Telephone Directory page 360.

37.   Copy of photo license examiner manual for the Department of Motor Vehicles.

38.   Copy of instructions for Motor Vehicles operations.

39.   Copy of Plaintiff's University Degree.

40.   Copy of Complaint.

41.   Department of Motor Vehicle Forms.

42.   Settlement Agreement and General Release dated December 9, 1999.

The Plaintiff reserves the right to supplement their exhibit list once they have received Defendant's finalized list.


**B.   DEFENDANT'S LIST OF EXHIBITS**

A.   Complaint, Mahesh Talwar v. State of Connecticut, Department of Motor Vehicles, et al. , Civil Action No. 3:01CV1089 (SRU)

B.   Letter from Mary Kotaidis, Human Resource Manager to Mahesh Talwar, dated June 6, 2000

C.   Contract between State of Connecticut and American Federation of State, County, and Municipal Employees, AFL-CIO, effective July 1, 1999 expiring June 30, 2002

D.   New Employee Information Sheet, dated June 16, 2000.

E.   Letter to Paul Yankowski from Steven A. Shonta, Labor Relations Manager, DMV, dated May 30, 2000.

F.   Supervisory Notes, Susan Patton, dated 6/10/00, 6/14/00, 6/15/00, 6/27/00, 7/01/00, 7/05/00, 7/6/00

G.      Mary Graziosa Notes, no date

H.      Tim Godfrey Notes, dated July 13, 2000

I.      Talwar's Notes regarding DMV procedures

J.      Talwar's Notes together with Annotations

K.      Talwar's Performance Appraisal, 6/9/00-7/13/00

L.      Documents re: Talwar's errors shown by Susan Patton to Mary Kotaidis

M.      Batch Sheet, dated June 24, 2001, for Mike Marceylenas

N.      Examiner Productivity Sheet, dated 6/24/00, for Mike Marceylenas

O.      Grievance of Mahesh Talwar, dated 7/14/00, together with Step III response, dated 1/17/01

P.      Job Posting, CT Lottery, Cashier, as of 10/11/01 together with fax from David Lynn to Mahesh Talwar, dated October 17, 2001.

Q.      Job Postings, Accounting Career Trainees, Connecticut Careers Trainees, dated 8/30/02 together with fax from David Lynn to Mahesh Talwar, dated 8/30/02 and return receipt.

R.      Memo To File from David Lynn, dated 12/31/02

S.      Letter from David W. Lynn to Mahesh Talwar, dated January 8, 2003

T.      Letter from Keith Anderson, Human Resources Consultant, Department of Administrative Services, to Mahesh Talwar, July 21, 2003.

U.      Memo To David Lynn from Diane M. Fitzpatrick, August 12, 2003.

V.      Plaintiff's Responses to Defendant's Interrogatories and Request for Production, dated March 4, 2002.

W.   Plaintiff's Application for Employment for State of Connecticut, dated November 18, 1999, together with Supplement, dated June 10, 2000.

X.   Plaintiff's employment records from Residence Inn by Marriott,

Y.   Plaintiff's employment records from Wellesley Inn-Danbury.

Z.   Performance Appraisals for Tim Godfrey, 9/30/97-9/30/02

AA.  Danbury Phone Book, p.130, p. 102.

AB.  Errors of Marco Monteiro, 8/15/00-9/28/00

AC.  Calendar for 8/00-9/00

AD.  Letter from Silvia Tirrell to Mahesh Talwar, dated 2/4/98

AE.  Step III Grievance re: five day suspension, dated 1/26/98 together with Step III Response, dated 4/15/99

AF.  Holiday Pay Grievance, dated 3/8/00 together with Step 2 Response, dated 3/27/00

AG.  Holiday Pay Grievance, dated 1/23/02 together with Step 2 Response

AH.  Reclassification Grievance Form A, dated 2/4/98 together with Duties Questionnaire, dated 2/18/98; Step 3 Answer, dated  August 5, 1998; Step 3 response; Notice of Reclassification Panel Step 4, dated April 3, 2000; Sign-In Sheet dated 4/25/00; Reclassification Appeal Panel Decision, dated 4/25/00.

AI.  Reclassification Grievance Form A, dated 7/14/00 together with Step 3 Answer, dated January 18, 2001.

AJ.  Unfair Treatment Grievance, dated 9/24/00; together with Step 2 response, dated 11/6/01; Step 3 response, dated 3/23/03; State Prohibited Practices Act, Connecticut State Board of Labor Relations, dated 9/16/02; Decision and

Dismissal of Complaint, In The Matter of State of Connecticut, Department of

Administrative Services and Local 318, Council 4, AFL-CIO And Mahesh

Talwar, dated March 4, 2004

AK.   Grievance re: Workers Comp Appointments, dated 1/23/02 together with Step 2

Response re: Workers Comp Appointments, dated 3/8/02

AL.   Job description, Clerk

The defendants reserve the right to supplement their exhibit list once they have received plaintiff's finalized list.

## 11.   **ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE**

Plaintiff will object to any evidence regarding an allegation made against the plaintiff of sexual assault and risk of injury by a guest at the Ramada Inn in that such evidence is irrelevant, unfairly prejudicial and misleading in that the all charges were dismissed by the Superior Court of the State of Connecticut.

Defendant anticipates the following evidentiary problems:

1.   Motion In Limine attached hereto.

2.   Defendant will object to any evidence regarding alleged acts of discrimination by DAS as irrelevant and lacking foundation.

3.   Defendant will object to any evidence regarding DAS's alleged breach of a settlement agreement as a matter not pled and not properly before the court and furthermore that any such evidence is irrelevant, confusing, misleading and highly prejudicial.

4.   Defendant will object to any evidence regarding the substance of prior acts of discrimination against the State of Connecticut and DAS involving the plaintiff or any settlement

agreement regarding said acts in as much as such evidence is irrelevant, unfairly prejudicial, confusing to the jury and lacking foundation in that the settlement agreement contains no admission of liability on the part of the State of Connecticut or DAS.

5.     Defendant will object to any testimony by any medical provider or medical expert regarding the nature of damages, causation or aggravation based on plaintiff's failure to respond to Defendants' Interrogatories and Requests For Production, dated February 5, 2002, regarding the same, plaintiff's failure to supplement or correct his responses, and plaintiff's failure to disclose any experts pursuant to the Form 26(f).

6.     Defendant will object to any testimony about alleged racial comments made by employees that were not made by defendant's decision-makers as hearsay that is not imputable to the defendant as a state agency, relevancy, lacking foundation and amounting to unfair prejudice.


## 12.    **STIPULATIONS OF FACT AND LAW**

1.     The plaintiff, Mahesh Talwar, began his employment with the State of Connecticut on May 25, 1990 in the position of cashier with Off-Track Betting.     .

2.     Plaintiff's above-described position was eliminated, effective June 30, 1993, and he was given the part-time position of Messenger and Supply Clerk with DAS at the Seymour Garage, effective July 1, 1993, via his reemployment rights.  His position as Messenger and Supply Clerk was reclassified via grievance to Clerk, effective January 5, 1998.

3.     Due to the closure of the Seymour Garage on December 30, 1999, plaintiff was transferred to the Wethersfield Garage in the same part-time position of clerk, effective December 31, 1999.

4.      On June 9, 2000, plaintiff was transferred laterally to the DMV office in Danbury, Connecticut, in the position of full-time clerk.

5.      On July 20, 2000, plaintiff was transferred (plaintiff claims he was terminated on July 14, 2000 from DMV and was transferred) back to the DAS to a part-time position clerk position at the Wethersfield Garage.

## 13.    **LEGAL ISSUES**

1.      Whether the defendant discriminated against the plaintiff on the basis of race, color, or national origin in violation of Title VII.

2.      Whether the defendant retaliated against plaintiff for having opposed discriminatory practices of state agencies on a prior occasion in violation of Title VII.

3.      If the defendant discriminated or retaliated against plaintiff, whether the plaintiff suffered any damages caused by the alleged conduct.

4.      If the plaintiff suffered any compensatory damages, the nature and extent of the damages, causally related.

5.      If the plaintiff suffered damages, whether the plaintiff mitigated his damages.

6.      Whether the plaintiff's relief under Title VII is limited by the after-acquired evidence doctrine.

## 14.    **PROPOSED JURY INSTRUCTIONS**

### A. **Proposed Voir Dire.**

Plaintiff and Defendant's proposed Voir Dire are attached hereto.

**B. Proposed Jury Instructions.**

Plaintiff and Defendant's proposed Jury Instructions are attached hereto.

**C. Verdict Form**

Plaintiff and Defendant will provide the Court with a proposed jury verdict form

prior to trial.

**D. Proposed Case Statement**

Plaintiff and Defendant will provide Case Statement prior to trial.

Counsel for Plaintiff
Robert B. Muchinsky, Esq.
Federal Bar # ct12702
Law Offices of Robert B. Muchinsky, LLC
39 Russ Street
Hartford, CT 06106
Tel: (860) 297-0035
Fax: (860) 297-0040
Email: rbm@muchinsky-law.com

5/10/04
Date Signed

Counsel for Defendant
Eleanor May Mullen
Assistant Attorney General
Federal Bar No. #ct22430
55 Elm Street - P.O. Box 120
Hartford, CT 06101-0120
Tel: (860) 808-5340
Fax: (860) 808-5383

5/10/04
Date Signed

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

### Elements of Discrimination[22]

Plaintiff must establish a case of unlawful discrimination by showing that:

1.    He is a member of a protected class; he is black and of Indian decent.

2.    who was qualilfied for his posiiton

3.    who suffered an adverse employment action,  when he was terminated, transferred and demoted.

4.     and that this took place under circumstances giving rise to an inference of discrimination (or retaliation).

---

[22] **Source of Instruction:** *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).

## Qualified for Position[1]

To be considered "qualified" for a position, Plaintiff must show that his work was sufficient to meet his employer's legitimate expectations.

---

[1] **Source of Instruction:** *Morris v. Harris Trust & Savs. Bank*, 867 F.2d 1023, 1026 (7th Cir. 1989); *Lanear v. Safeway Grocery*, 843 F.2d 298, 301 (8th Cir. 1988).

### Discriminatory Animus—Different Treatment[2]

Plaintiff under Title VII may raise an inference of discriminatory animus by offering evidence comparing himself to similarly situated individuals who are not a member of that protected class, who are treated more favorably.

---

[2] **Source of Instruction:** *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

## Adverse Employment Action[3]

An adverse employment action is one that results in discrimination against an individual with respect to his compensation, terms, conditions or privileges of employment or that limits, segregates, or classifies employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee.

---

[3] **Source of Instruction:** *Bramble v. American Postal Workers Union*, 135 F.3d 21, 25 (1st Cir. 1998) (citing *Mesnick v. General Elec. Co.*, 950 F.2d 816, 823 (1st Cir. 1991), *cert. denied*, 504 U.S. 985 (1992)) (applied to ADEA case).

## Inference of Discrimination—Similarly Situated [4]

To be deemed similarly situated, individuals with whom Plaintiff seeks to compare his treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it.

---

[4] **Source of Instruction:** Title VII of the Civil Rights Act of 1964, as amended, §703(a), 42 U.S.C. §2000e-2(a) (1997). *See* §3:130.

## Falsity of Reason[5]

Pretext may be shown by such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in Defendant's proffered reasons for its actions that a reasonable person could rationally find them unworthy of credence and hence infer that Defendant did not act for the asserted non-discriminatory reasons.

---

[5] **Source of Instruction:** *Johnson v. Kroger Co.*, 319 F.3d 858, 867 (6th Cir. 2003); *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1232 (10th Cir. 2000).

## Evidence of Pretext [6]

If you find that the stated reasons given by Defendant are inconsistent or implausible or that Defendant substantially deviated from its own practices or policies, then you may conclude that the offered explanation is a mere pretext, excuse, sham, or cover-up for discrimination. If you find pretext, you may also infer that race was a motivating factor in the employment decisions, though you are not required to draw such an inference.

---

[6] **Source of Instruction:** *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133 (2000).

## Protected Activity [7]

Title VII provides that an employer may not discriminate against an employee on the basis that the employee "has opposed any practice made an unlawful employment practice," or "participated in a proceeding under Title VII."

---

[7] **Source of Instruction:** *Draft Model Jury Instructions (Civil) First Circuit* §1.3 (2003 **§3:330**

## Retaliation

## Law Prohibiting Retaliation [8]

Plaintiff has brought his claim under Title VII of the Civil Rights Act of 1964, which prohibits employers, like Defendant, from taking retaliatory personnel actions against employees who have previously engaged in activity protected by Title VII, such as pursuing a complaint of employment discrimination. It is, therefore, unlawful for Defendant to terminate a person because that person has pursued a complaint of discrimination. It is undisputed in this case that Plaintiff engaged in protected activity when he sued the State of Connecticut in 1998, so the only issue for you to decide is whether Plaintiff was employment at DMV was terminated as a result of that protected activity.

---

[8] **Source of Instruction:** Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) (1997).

## Causation [10]

To succeed on claims of retaliatory discharge and retaliatory harassment, Plaintiff must establish the basic fact that he was subjected to an adverse employment action because of his protected activity. At a minimum, there must be competent evidence that the alleged retaliators knew of Plaintiff's protected activity and that a retaliatory motive played a part in the adverse employment actions alleged.

---

[10] **Source of Instruction:** *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1060 (8th Cir. 1997).

# Causal Connection Defined [11]

You may find that the adverse employment actions taken against Plaintiff were caused by his protected activity if the protected activity was a motivating factor in Defendant's conduct toward Plaintiff.

In order to establish that a causal connection exists between engaging in protected activity and an adverse employment action, Plaintiff must produce evidence of circumstances that justify an inference of a retaliatory motive, such as that the adverse actions occurred proximate in time to the defendant becoming aware of Plaintiff's participation in the protected activity and that the person(s) who made the adverse employment decisions knew about the protected activity.

Plaintiff can establish a link between his protected activity and the subsequent adverse action(s) if Defendant engaged in a pattern of antagonism in the intervening period between the adverse action and protected activity.

---

[11] **Source of Instruction:** *Lewis v. Gillette Co.*, 22 F.3d 22, 24 (1st Cir. 1991994).

## Motivating Factor Defined[12]

In showing that his protected activity was a motivating factor, Plaintiff is not required to prove that his protected activity was the sole motivation or even the primary motivation for Defendant's adverse conduct. Plaintiff need only prove that his protected activity played a motivating part in Defendant's conduct, even though other factors may have also motivated Defendant.

---

[12] **Source of Instruction:** Adapted from *O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248 (10th Cir. 2001); *Marx v. Schnuck Markets, Inc.*, 76 F.3d 324, 329 (10th Cir. 1996); *Woodson v. Scott Paper Co.*, 109 F.3d 913, 920-21 (3rd Cir.), *cert. denied*, 118 S. Ct. 299 (1997).

## Pretext[13]

You may find that Plaintiff's protected activity was a motivating factor in Defendant's decision to take adverse actions against Plaintiff if you find that Defendant's stated reasons for its adverse decisions are not the true reasons, but are a pretext to hide a retaliatory motive.

---

[13] **Source of Instruction:** *Williams v. Nashville Network*, 132 F.3d 1123, 1131 (6th Cir. 1997) (holding that, given the plaintiff's superior qualifications, there was no reason, other than retaliation for the plaintiff's filing an EEO complaint, for the supervisor's refusal to forward the plaintiff's resume to another department for an open position).

## Race Discrimination [14]

It is an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, or national origin.

---

[14] **Source of Instruction:** Title VII of the Civil Rights Act of 1964, as amended, §703(a)(1), 42 U.S.C. §2000e-2(a)(1) (1997).

# National Origin Discrimination[15]

Plaintiff accuses Defendant of national origin discrimination. Specifically, [he] claims that Defendant took adverse employment action against [him/her] because of national origin discrimination.

An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. The fact that an employee is unhappy with something his or her employer did or failed to do is not enough to make that act or omission an adverse employment action. An employer takes adverse action against an employee only if it: (1) takes something of consequence away from the employee, for example, by discharging or demoting the employee, reducing his or her salary, or taking away significant responsibilities; or (2) fails to give the employee something that is a customary benefit of the employment relationship, for example, by failing to follow a customary practice of considering the employee for promotion after a particular period of service.

Even if you were to decide that the [*specify adverse action*] was neither fair nor wise nor professionally handled, that would not be enough. In order to succeed on the discrimination claim, Plaintiff must persuade you, by a preponderance of the evidence, that were it not for national origin discrimination, [he] would not have been [*specify adverse action*].

Plaintiff need not show that national origin discrimination was the only or predominant factor that motivated Defendant. In fact, you may decide that other factors were involved as well in Defendant's decision-making process. In that event, in order for you to find for Plaintiff, you must find that [he] has proven that, although there were other factors, [he] would not have been [*specify adverse action*] without the national origin discrimination.

Plaintiff is not required to produce direct evidence of unlawful motive. You may infer knowledge and/or motive as a matter of reason and common sense from the existence of other facts, for example, explanations that were given that you find were really pretextual. "Pretextual" means false or, though true, not the real reason for the action taken.

An adverse employment action by a supervisor is an action of the employer.

---

[15] **Source of Instruction**: *Draft Model Jury Instructions (Civil) First Circuit* §1.1 (2003).

## Protected Class—Status[16]

An individual is protected from race discrimination under Title VII if his employer discriminated against him, with respect to the terms and conditions of his employment, because of his race, color or national origin.

---

[16] **Source of Instruction:** *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973); *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 506 (1993).

## Protected Class—Inference[17]

The employer does not have to discriminate against all members of a class to illegally discriminate against a given member of that class in violation of Title VII.

---

[17] **Source of Instruction:** *Goosby v. Johnson & Johnson Med., Inc.*, 228 F.3d 313, 321 (3rd Cir. 2000).

# Employer[18]

Title VII holds employers liable for violations of the Act. An entity is an "employer" under Title VII if it is a "person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year."

---

[18] **Source of Instruction:** Title VII of the Civil Rights Act of 1964, as amended, §701(b), 42 U.S.C. §2000e(b) (1997).

# Employee[19]

The term "employee" means an individual employed by an employer, except that the term "employee" shall not include any person elected to public office in any state or political subdivision of any state by the qualified voters thereof, or any person chosen by such officer to be on such officer's personal staff, or an appointee on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office.

---

[19] **Source of Instruction:** Title VII of the Civil Rights Act of 1964, as amended, §701(f), 42 U.S.C. §2000e(f) (1997).

## Standard of Proof[20]

The standard of proof in a claim raised under Title VII of the Civil Rights Act of 1964 is by a preponderance of the evidence.

---

[20] **Source of Instruction:** *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

### Evidence of Race Discrimination [21]

Plaintiff may prove that his termination, transfer and emotion was "because of his race by showing that his race played a motivating role in, or contributed to, the employer's decision.

Plaintiff may prove that the forbidden animus was a motivating factor through presentation of either "direct" or "circumstantial" evidence.

---

[21] **Source of Instruction:** *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

## Title VII—Damages—Discrimination[23]

I will now give you instructions about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of Plaintiff on his claim against Defendant. The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide. If you find for Plaintiff on his claim that Defendant discriminated against him because of his [race, color, or national origin], then you must determine whether he is entitled to damages in an amount that is fair compensation. You may award compensatory damages only for injuries that Plaintiff proved were caused by Defendant's allegedly wrongful conduct. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that they were caused by Defendant's discrimination. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of damage. Any award you make should be fair in light of the evidence produced at trial. In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guesswork. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. You may not consider the amount of lost wages or other benefits, if any, claimed by Plaintiff in this case. Likewise, you may not consider the cost to Plaintiff of hiring an attorney. Those attorneys' fees and lost wages are determined by the court, if necessary, and may not be included in your damages award.

---

[23] **Source of Instruction:** *Standing Orders, Jury Instructions - Title VII Discrimination,* Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.

## Title VII—Retaliation—Damages[24]

I will now give you instructions about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think that you should award any damages to Plaintiff if you feel he is entitled to your verdict. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance in the event that you find in favor of Plaintiff on his claim against Defendant. The fact that I do does not in any way mean that I think you should award any damages; that is entirely for you to decide. If you find for Plaintiff on his claim that Defendant retaliated because he had previously sued because of discrimination, then you must determine whether he is entitled to damages in an amount that is fair compensation. You may award compensatory damages only for injuries that Plaintiff proved were caused by Defendant's allegedly wrongful conduct in terminating, transfering and demoting plaintiff. The damages that you award must be fair compensation, no more and no less. You may award compensatory damages for emotional pain and suffering, inconvenience, and mental anguish if you find that they were caused by Defendant's retaliation. No evidence of the monetary value of such intangible things as pain and suffering has been or need be introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of damage. Any award you make should be fair in light of the evidence produced at trial. In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation, or guess work. On the other hand, the law does not require that Plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit. You may not consider the amount of lost wages or other benefits, if any, claimed by Plaintiff in this case. Likewise, you may not consider the cost to Plaintiff of hiring an attorney. Those attorneys' fees and lost wages are determined by the court, if necessary, and may not be included in your damages award.

---

[24] **Source of Instruction:** *Standing Orders, Jury Instructions for Retaliation Under Title VII*, Magistrate Judge John M. Facciola, United States District Court for the District of Columbia.

## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

MAHESH K. TALWAR,                 :      CIVIL ACTION NO.
    *Plaintiff*                   :      3:01CV1089 (SRU)
                                   :
    v.                            :
                                     :
STATE OF CONNECTICUT,
DEPARTMENT OF MOTOR
VEHICLES                          :
    *Defendant*                   :      May 10, 2004

### DEFENDANT'S PROPOSED JURY INSTRUCTIONS

### TITLE VII CLAIM AGAINST DEFENDANT DEPARTMENT OF MOTOR VEHICLES

### INSTRUCTION NO. 1

### PURPOSE OF THE STATUTE

Title VII prohibits employers from refusing to hire, discharge from employment or discriminate against individuals on the basis of race, color, sex, national origin and religion. The purpose of Title VII is to prevent discrimination in the workplace. Under the "disparate treatment of discrimination" theory, the plaintiff/employee, Mr. Talwar, claims that he has been treated less favorably than other similarly situated employees because of his race. Mr. Talwar must prove that the defendant/employer DMV acted with discriminatory animus.

    Authority:      42 U.S.C. §2000e-(2).

## INSTRUCTION NO. 2

## THE ESSENTIAL ELEMENTS OF PLAINTIFF'S TITLE VII CLAIM

In order for the plaintiff to establish that defendant DMV discriminated against him on the basis of his race, color, and national origin, he must establish the following factors by a preponderance of the evidence:

First, that he is black and/or of Indian descent;

Second, that he suffered an adverse employment action;

Third, that he was qualified for the position that he held at the time he was suspended, transferred and demoted; and

Fourth, that the circumstances surrounding his suspension, demotion and transfer give rise to an inference of intentional discrimination.

If the plaintiff proves all of these factors, you may, but need not, render a verdict in his favor. If you find that he has not established all the elements by a preponderance of the evidence, you must render a verdict in favor of one or both defendants.

Authority:     Austin v. Ford Models, Inc., 149 F.3d 148, 152 (2d Cir. 1998).

## INSTRUCTION NO. 3

## ADVERSE EMPLOYMENT ACTION

The requirement of an "adverse employment action" has a specific meaning under the law. Not every decision by an employer that an employees dislikes constitutes an adverse employment action. An adverse employment action means a decision by the employer that is materially adverse to the employee. It must be more disruptive than an inconvenience or an alteration of job responsibilities. Such a change might include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of

2

benefits, or significantly diminished material responsibilities. Plaintiff claims that his transfer back to the Department of Administrative Services ("DAS") by DMV was a termination and an adverse employment action.

**Authority:** <u>Austin v. Ford Models, Inc.</u>, 149 F.3d 148, 152 (2d Cir. 1998).

## INSTRUCTION NO. 4
## MOTIVATING FACTOR

Mr. Talwar must prove that his race, color and/or national origin was a motivating favor in defendant DMV's' decision to transfer him back to DAS. He is not required to prove that his race was the sole motivation for defendant' decision to suspend, transfer and demote him. Rather, he need only prove that his race and/or national origin contributed to the defendants' decision.

Direct evidence of intent is not required and, instead, Mr. Talwar need only prove circumstantial evidence from which you may infer that one or both defendants intentionally discriminated against him.

Defendant DMV claims that it had a legitimate, non- discriminatory explanation for its employment decision. If, however, you determine that Mr. Talwar's race, color and/or national original was a motivating factor in defendant DMV's decision to transfer, you must find for Mr. Talwar. If, on the other hand, you find that Mr. Talwar's race, color, and/or national origin was not a motivating factor in the adverse employment decision, you must find for the defendant, DMV.

Keep in mind that your role as a jury will be to analyze all the facts and circumstances and to determine, based on a preponderance of the evidence, whether the plaintiff's race, color,

and/or ancestry was a motivating factor in the defendant's decision to suspend, transfer and demote him.

Authority:    Adopted from Jury Instructions in <u>Agrinzone v. Connecticut Department of Correction</u>, Civil No. 3:95CV2479 (DFM) February, 1999.

## INSTRUCTION NO. 5

### PRETEXT

Mr. Talwar can attempt to prove pretext directly by persuading you by a preponderance of the evidence that his membership in a protected class was more likely the reason for the defendant's adverse employment decision than the reason stated by the defendant. Mr. Talwar can also attempt to prove that defendant DMV's stated reason for its employment decisions regarding Mr. Talwar is a pretext by persuading you that it is just not believable.

When you consider Mr. Talwar's evidence that the reason advanced by defendant DMV is a pretext, keep in mind that the relevant question is whether defendant DMV's reason was not the real reason for its action(s). The question is not whether the defendant DMV's reason for transferring Mr. Talwar back to DAS showed poor or erroneous judgment.

You are not to judge defendant DMV's wisdom for making the decision that it did. The fact that you may personally disagree with the choices made by defendant DMV is not proof of discrimination. Defendant DMV would be entitled to make its decision for a good reason, a bad reason or for no reason at all, so long as the decision was not motivated by unlawful discrimination.

It is not enough for Mr. Talwar simply to prove that defendant DMV's stated reason for its decision was not the true reason. The reason for this is that Mr. Talwar must prove by a

preponderance of the evidence that he was treated differently because of his race, color, or national origin. Therefore, even if you decide that defendant DMV did not truly rely on the stated reason for its decisions, you cannot decide in favor of Mr. Talwar without further evidence that defendant DMV relied instead on Mr. Talwar's race, color or national origin.

Even if you find that the evidence supports an inference that Mr. Talwar's race, color, or national origin was a motivating factor in defendant DMV's decision to transfer the plaintiff in 2000, the plaintiff may not recover if defendant DMV establishes by a preponderance of evidence that it would have taken the same action under the circumstances.

Authority:    Hargett v. National Westminster Bank, USA, 78 F.3d 836, 840 (2d Cir.), cert denied, 117 S.Ct. 84 (1996).

Blake-McIntosh v. Cadbury Beverages, Inc., 1999 U.S. Dist. LEXIS 16550 (D. Conn. August 10, 1999); Gray v. New England Tel. and Tel, Co., 792 F.2d 252, 255 (1st Cir.1986); Smith v. Monsanto Chemical Co., 770 F.2d 719, 723 n. 3 (8th Cir. 1985), cert denied, 475 U.S. 1050 (1986).

## INSTRUCTION NO. 6

## RETALIATION UNDER TITLE VII

Mr. Talwar's next claim is that defendant DMV retaliated against him in violation of Title VII of the Civil Rights Act. In order to prevail on his claim of retaliation under Title VII, Mr. Talwar must prove by a preponderance of the evidence that:

(1)        he engaged in a protected activity. In other words, that he opposed employment practices which he reasonably and honestly believed were discriminatory;

(2)        his employer was aware of that activity;

(3)        he suffered an adverse employment action; and

(4)           there is a causal link between the protected activity (the opposition to discrimination) and the adverse employment decision.  In other words, the fact that the Mr. Talwar engaged in the opposition to discrimination was a motivating factor in the defendant's decision to transfer him.

Authority:    Galdieri-Ambrosini v. National Reality & Development Corp., 136 F.3d 276, 292 (2d Cir. 1998).

## FIRST ELEMENT
## PROTECTED ACTIVITY

Mr. Talwar claims that the protected activity was his filing of a prior discrimination lawsuit.

Authority:    Galdieri-Ambrosini, 136 F.3d at 292.

## SECOND ELEMENT
## EMPLOYER MUST BE AWARE OF ACTIVITY

Next under the Title VII retaliation claim, Mr. Talwar must demonstrate that defendant DMV  knew that he participated in the opposition to discriminatory employment practices.  In order to satisfy this element, he must demonstrate, by a preponderance of the evidence, that defendant DMV knew about the filing of his previous lawsuit.

Authority:    Galdieri-Ambrosini, 136 F.3d at 292.

## THIRD ELEMENT
## ADVERSE EMPLOYMENT ACTION

The requirement of an "adverse employment action" has a specific meaning under the law.  Not every decision by an employer that an employee dislikes constitutes an adverse

employment action. An adverse employment action means a decision by the employer that is materially adverse to the employee. It must be more disruptive than an inconvenience or an alteration of job responsibilities. Such a change might include termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, or significantly diminished material responsibilities.

Authority:    Galdieri-Ambrosini, 136 F.3d at 292.


### FOURTH ELEMENT
### CASUAL CONNECTION

In order to recover on his claim of retaliation under Title VII, Mr. Talwar must demonstrate that his participation in the protected activity or the filing of his previous lawsuit was a motivating factor in defendant DMV's decision to transfer him back to DAS.

If a prima facie case is established, the burden shifts and defendant DMV must articulate a legitimate, nondiscriminatory reason for the adverse action. Once defendant DMV has dispelled the inference of retaliation by establishing a legitimate, nondiscriminatory reason, Mr. Talwar must demonstrate that the articulated reason was a pretext for discrimination.

Authority:    Galdieri-Ambrosini, 136 F.3d at 292.

### INSTRUCTION NO. 7

### BUSINESS JUDGMENT

As you consider the evidence you must keep in mind that the employer's business judgment is not the issue, but rather you must focus solely on the employer's motivation for its action. Mr. Talwar must show more than that defendant DMV made an unwise business decision or an unnecessary personnel move, or acted arbitrarily. Even if you believe that you

would have made a different business decision under the circumstances, good faith errors in an

employers' business judgment are not, standing alone, evidence of discrimination.

Authority:    Blake-McIntosh v. Cadbury Beverages, Inc., 1999 U.S. Dist. LEXIS
16550 (D.Conn. 1999); Gray v. New England Tel. and Tel. Co., 792 F.2d
251, 255 (1st Cir. 1986). Texas Dept. of Community Affairs v. Burdine,
450 U.S. 248, 259, 101 S.Ct. 1089 (1981); Scaria v. Rubin, 117 F.3d 652,
655 (2d Cir. 1997); Dister v. Continental Group, Inc., 859 F.2d 1108, 1116
(2d Cir. 1988), Meiri v. Dacon, 759 F.2d 989, 995 (2d Cir.), cert denied,
474 U.S. 829 (1985); Smith v. Monsanto Chemical Co., 779 F.2d 719, 723
n.3 (8th Cir. 1985) cert. denied, 475 U.S. 1050 (1986); Cowan v.
Glenbrook Security Servs, Inc., 123 F. 3d 438, 445-46 (1997); Stemmons
v. Missouri Dept. of Corrections, 82 F.3d 817, 819 (8th Cir. 1996);
Mungin v. Kattin Muchin & Zarvis, 116 F.3d 1549, 1556 (D. C. Cir.
1997).

## INSTRUCTION NO.8

## REMEDIES AVAILABLE UNDER TITLE VII

## DAMAGES - GENERALLY

If you find in favor of Mr. Talwar on any of his claims, then you must consider the issue

of damages. I will now instruct you on the laws that govern your determination of damages.

Bear in mind that the fact I am instructing you on the elements of damages does not mean that I

have any opinion on whether or not the defendant should be held liable. I am instructing you on

damages only so that you will have guidance should you decide that Mr. Talwar is entitled to

recovery.

Authority:    Adapted from 4 L. Sand, et al., Modern Federal Jury Instructions,
Instruction 77-1 (September, 1997).

## **COMPENSATORY DAMAGES**

If you determine that defendant DMV transferred Mr. Talwar for a discriminatory reason or retaliated against him for the filing of his previous lawsuit by transferring him back to DAS, then you must determine the amount of monetary damages that will fairly and justly compensate Mr. Talwar for any injury you believe he actually sustained as a direct consequence of the conduct of defendant DMV.

You may award compensation for lost earnings, benefits and other economic losses that you find Mr. Talwar has suffered. In doing so, you may award damages in the amount of the salary and benefits that he has proved he would have earned had he not been suspended, demoted and transferred, less any income he has earned from other employment during that time.

You may also award damages to compensate Mr. Talwar for any emotional distress or mental anguish that you find she experienced as a consequence of the defendants' conduct. No evidence of monetary value of such intangible things as mental anguish has been, or need be, presented to you. There is no exact standard for fixing the compensation to be awarded for these elements of damages. Any award that you make should be fair in light of the evidence presented at trial.

You should award actual damages only for those injuries which you find that Mr. Talwar has proven by a preponderance of the evidence to have been the direct result of unlawful conduct by a defendant.

Actual damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

Authority:     Adapted from 4 L. Sand, et al., Modern Federal Jury Instructions, Instruction 87-87 (April, 1996).

## DOUBLE RECOVERY AND COMPENSATORY DAMAGES

I have said that if you return a verdict for Mr. Talwar, you must award him such sum of money as you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct result of the conduct of defendant DMV. If you find that defendant DMV caused his injury, you must remember, in calculating the damages, that he is entitled to be compensated only once for injuries he actually suffered.

Authority:    Adapted from 4 L. Sand, et al., Modern Federal Jury Instructions, Instruction 87-91 (April, 1996).

## NOMINAL DAMAGES FOR THE MERE FACT OF VIOLATION

If you find that defendant DMV violated Mr. Talwar's constitutional rights, but you find that he has failed to prove by a preponderance of the evidence that he suffered any actual damages, as a result, then you must return an award of damages in some nominal amount such as one dollar. Nominal damages must be awarded when the plaintiff has been deprived by a defendant of a constitutional right but has suffered no actual damage as a nature consequence of that deprivation.

**Authority:**    Hon. Leonard B. Sand et al., Modern Federal Jury Instructions, Instruction 87-88 (April 1996); Gibeau v. Nellis, 18 F.3d 107 (2d Cir. 1994).

## MITIGATION OF DAMAGES

Any person who claims damages as a result of an alleged wrongful act of another has a duty under the law to use reasonable diligence under the circumstances to "mitigate," or minimize, those damages. The law imposes on an injured person the duty to take advantage of

10

reasonable opportunities she may have to reduce or minimize the loss or damage. The plaintiff cannot recover damages that through a reasonable effort, he could have could avoided.

If you find defendant DMV is liable and that Mr. Talwar has suffered damages, he may not recover for any item of damage he could have avoided through such reasonable effort. If he unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny recovery for those damages which he would have avoided had he taken advantage of the opportunity.

Bear in mind that the question of whether Mr. Talwar acted "reasonably" with respect to the mitigation of damages is one for you to decide, as sole judges of the facts. Although the law will not allow an injured plaintiff to sit idly by when presented with an opportunity to mitigate, this does not imply that the law requires an injured plaintiff to exert himself unreasonably or incur unreasonable expense in an effort to mitigate, and it is the defendant's burden of proving that the damages reasonably could have been avoided. In deciding whether to reduce Mr. Talwar's damages due to some failure to mitigate, therefore, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether defendant DMV has satisfied its burden of proving that Mr. Talwar's conduct was not reasonable.

> Authority:   Adapted from 5 L. Sand, et al., Modern Federal Jury Instructions, Instructions 87-34, 87-90 (September, 1997).

## **ADDITIONAL REQUESTS**

Defendant respectfully requests leave to supplement their request for jury instructions after the evidence and prior to the charging conference. This request is made in an abundance of caution and on the theory that the defendant can not reasonably anticipate how the evidence will

be presented and what instructions, in addition to the foregoing and accompanying legal issues, will be necessary to enable the jury to reach their verdict.

In addition, defendant respectfully requests leave to supplement its request for jury instructions in the event defendant DAS is not dismissed from the suit pursuant to the Court's ruling on Defendants' Motion for Summary Judgment and Motion To Dismiss.

DEFENDANT
STATE OF CONNECTICUT
DEPARTMENT OF MOTOR
VEHICLES

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar No. ct21487
55 Elm Street, P.O. Box 120
Hartford, CT 06141-0120
Tel: (860) 808-5340
Fax : (860) 808-5383
Email: joseph.jordano@po.state.ct.us
Federal Bar # ct 22430

## CERTIFICATION

I herein certify that a copy of Defendant's Proposed Jury Instructions was mailed

this 10th day of May, 2004 to all counsel of record via United States mail, first class mail,

postage prepaid, to:

Robert Muchinsky, Esq.
39 Russ Street
Hartford, CT 06106-1566

Joseph A. Jordano
Assistant Attorney General

13

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MAHESH K. TALWAR                               :        **Civil Action No**.
                                                        3:01cv01089(SRU)
v.                                             :

STATE OF CONNECTICUT,                          :
DEPARTMENT OF MOTOR VEHICLES AND
DEPARTMENT OF ADMINISTRATIVE SERVICES          :        May 10, 2004

### **Plaintiff's Voir Dire Questions**

1.      Is there any juror who would prefer not to sit on the jury concerning a case of this kind?

2.      Are there any jurors who would suffer a great financial hardship by sitting on the jury during the course of this trial?

3.      Are there any jurors present who have medical problems which would preclude them from sitting on this jury during the course of this trial?

4.      Has any juror or any close friend or relative of any juror ever been accused of racial discrimination?

5.      Have any of you ever been a defendant in a lawsuit?  If so, what kind of lawsuit? And what was the outcome of the lawsuit?

6.      Have you ever served on a jury before?  If so, what was the type of case that litigated? And what was the outcome of the case?

7.      Do you, any relative or close friend work for the State of Connecticut?

Page 1 of 3

8.    If any of you work in a management position, do you think your management affiliation might affect you in this case, why?

9.    As a management employee, have you ever been involved as a defendant or witness in a racial or ethnic discrimination claim against your company?

10.    Have you or any member of your family been a party to a lawsuit? If so, please tell us more about that: (a) were you being sued or suing, (b) who was the other party, (c) what made you decide to sue, (d) is the matter resolved yet, (e) how long ago did this happen, (f) what was the outcome, (g) how do you feel about the outcome, (h) why, (i) how did it affect you?

11.    Was there anything about your experience that left you with any kind of feelings about the legal profession or the court system?

12.    Have you ever testified in a legal proceeding? If so, what where the circumstances, how did you feel about that experience?

13.    Do you think you might trust the testimony of a manager or supervisor more than that of an employee who does not have this higher ranking? If yes, why?

14.    Are you comfortable sitting in judgment in a case such as this where you will be asked to award financial compensation for wrongful treatment received at work?

15.    Does the fact that the State of Connecticut is a defendant in this case cause problems for anyone of you?

16.    Have you or any relative, friend or colleague ever been a witness in a discrimination case? Have you ever considered yourself a victim of discrimination? If so, explain.

Robert B. Muchinsky, Attorney at Law
39 Russ Street, Hartford, CT 06106 ~ Tel:  860-297-0037 ~ Fax:  860-297-0040

The Plaintiff
Mahesh K. Talwar

_____

Robert B. Muchinsky
39 Russ Street
Hartford, CT 06106
Telephone: 860-297-0037
Facsimile: 860-297-0040
Federal Bar No.: ct12702

Page 3 of 3

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MAHESH K. TALWAR, | : | CIVIL ACTION NO. |
| *Plaintiff* | : | 3:01CV1089 (SRU) |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT, | | |
| DEPARTMENT OF MOTOR | | |
| VEHICLES | : | |
| *Defendant* | : | May 10, 2004 |

### DEFENDANT' PROPOSED VOIR DIRE QUESTIONS

1.    Have you ever held a position entailing supervisory responsibility including the right to hire, fire, discharge, discipline and/or reprimand employees?

2.    The Court will instruct you on the law which you are to apply to the facts as you find them.  One of these instructions will be that the burden of proof on all material facts rests with the plaintiff.  Does anyone believe that he or she will have difficulty accepting that instruction?

3.    Does anyone believe a plaintiff is entitled to a monetary recovery simply because he or she has suffered an injury?

4.    The parties and many of the witnesses either are employed or were employed by the State of Connecticut.  Have you, or any member of your family, ever been sued by the State of Connecticut or other governmental agency?  Have you or any member of your family ever brought suit against the State of Connecticut or other governmental agency?

5.     Have you or has any member of your family had any experience with any officer or employee of the State of Connecticut which would prevent you from considering the evidence impartially and fairly?

6.     Many of the witnesses in this case are employed by the State of Connecticut, specifically in the Departments of Administrative Services and Department of Motor Vehicles. Have you or has any member of your family had a personal experience with a member or members of these departments such that it would make it difficult to consider their testimony impartially and fairly?

7.     This case involves allegations of racial discrimination, and retaliation for bringing prior allegations of discrimination. Have you or any member of your family had any personal experience that would make it difficult for you to consider such claims impartially and fairly with respect to all parties?

8.     Do you have strong opinions about the goals and/or philosophy of affirmative action and/or the hiring of minorities? If the answer to the foregoing question is yes, could you judge a party or witness in this case fairly and impartially if he or she does not share your opinion?

9.     Have you, or any member of your family or circle of friends, ever been transferred, demoted, disciplined or denied a job opportunity or contract extension by your/his/her employer? If the answer to the foregoing question is yes, do you feel that you/such person was treated unfairly, and if so, why? Do you feel that the treatment by that employer might affect your ability to judge this case fairly and impartially, and if so, in what way?

10.    Have you, or any member of your family or circle of friends, ever filed a complaint or lawsuit against your/his/her employer?  If the answer to the foregoing question is yes, what was the nature and circumstances of the complaint?  Do you think that your experience regarding the complaint and its result might affect your ability to judge this case fairly, and if so, in what way?

11.    Have you, or any member of your family or circle of friends been treated unfairly by your his/her employer because of age, race, national origin, color, gender, disability or religious association?  If so, please provide the details and state whether this might affect your ability to judge this case fairly and impartially.

12.    Have you, or any member of your family or circle of friends ever been a plaintiff or defendant in a lawsuit?  If so, please provide details and state whether this might affect your ability to judge this case fairly and, if so, in what way.

13.    Have you, or any member of your family or circle of friends ever been a witness in a lawsuit?  If so, please provide the details and state whether this experience might affect your ability to judge this case fairly, and if so, in what way.

14.    Have you, or any member of your family or circle of friends ever belonged to any civil rights or civil justice organization.  If so, please provide details and state whether this might affect your ability to judge this case fairly, and if so, in what way.

15.    If after hearing the evidence in this case and the Judge's instructions, you found that the defendants had not discriminated against the plaintiff, would you have any difficulty deciding in the defendants' favor, even though the plaintiff would receive no monetary award.

DEFENDANT
STATE OF CONNECTICUT
DEPARTMENT OF MOTOR
VEHICLES

RICHARD BLUMENTHAL
ATTORNEY GENERAL

By: _____
Joseph A. Jordano
Assistant Attorney General
Federal Bar No. ct 02148
55 Elm Street, P.O. Box 120
Hartford, CT  06141-0120
Tel:  (860) 808-5340
Fax : (860) 808-5383
Email:  joseph.jordano@po.state.ct.us


## CERTIFICATION


I herein certify that a copy of Defendants' Proposed Voire Dire Questions was mailed this 10th day of  May, 2004 to all counsel of record via United States mail, first class mail, postage prepaid, to:

Robert Muchinsky, Esq.
39 Russ Street
Hartford, CT 06106-1566


_____
Joseph A. Jordano
Assistant Attorney General

4