Talwar
v.
State of Connecticut

3:01cv1089(SRU)

Exhibits FILED

2004 MAY 18 P 4: 05

U.S. DISTRICT COURT
BRIDGEPORT, Conn.

9. **DEPOSITION TESTIMONY**

The parties do not anticipate any testimony by deposition at trial. However, Mary Kotiadis, a witness is known to spend time in Greece and her availability is not yet been ascertained.

10. **EXHIBITS**

   A. **PLAINTIFF'S LIST OF EXHIBITS**

The parties have made a good faith effort to identify all exhibits that they anticipate using at trial but reserve the right to seek to introduce additional exhibits if the events at trial merit doing so. In addition, the parties' reserve the right to offer any or none of the exhibits listed below at the time of trial. Finally, with the exception of joint exhibits, should a party wish to offer an exhibit listed on his opponent's exhibit list, appropriate steps pursuant to the federal rules of procedure and evidence should be taken by him.

5-17-04  Full   1.  Notice of internal Career Opportunity.

                2.  Motor Vehicle Examiner Job Description.

5-17-04  Full   3.  New Employee Information Sheet.

5-17-04  Full   4.  Job Announcement.

                5.  Clerk Job Description.

                6.  Routine Duties of an MV Examiner.

5-17-04  Full   7.  Letter dated June 6, 2000 from Mary Kotiadis.

5-17-04  Full   8.  Letter dated May 30, 2000 from Stephen Shonta to Paul Yankowski

5-17-04  Full   9.  Memorandum dated 7/13/00 from Timothy Godfrey.

5-17-04  Full  10.  Handwritten memorandum from Mary Graziosa.

w/o 5-17-04 Full 11. Copies of notes. — same as def's "I"

5-17-04  Full  12.  Memorandum of 9/29/00 from Susan M. Patton.

8

13. State of Connecticut Automated Personnel Listing.

*5-17-04 Full* 14. Copy of AFSCME Agreement Section 34.

15. DMV Passport System Notification.

16. List of Codes.

*5-17-04 Full* 17. Plaintiff's Performance Appraisal dated 7/14/00.

*5-17-04 Full* 18. Plaintiff's Performance Appraisals from 1994 to 2001.

19. Plaintiff's Performance Appraisals from Autotote from 1998 to 2001.

20. Letter dated July 14, 2000 from Autotote concerning Plaintiff.

21. Letter dated March 4, 2003 from Eleanor M. Mullen.

22. Letter dated March 5, 2003 from Eleanor M. Mullen.

23. Letter dated March 2, 2001 from Mary Kotiadis.

*5-18-04* 24. Letter dated February 15, 2001 from Mary Kotiadis.

25. Memorandum dated 2/22/01 from Susan Patton.

26. Personnel documents of Marco Montiero.

*5-17-04 Full* 27. Copy of Plaintiff's paystub 8/22/02.

*5-17-04 ID.* 28. Certificate of Appreciation.

*5-17-04* 29. Letter dated May 31, 1994 from Stephen Shapiro.

30. Letter dated April 7, 1999 from Executive Board of AFSCME.

*5-17-04 Full* 31. Copy of Superior Court Information, Disposition date of 1/10/01.

*5-17-04 ID Full* 32. Examples of Plaintiff's work.

*5-17-04 Full* 33. Examples of Plaintiff's work.

34. Examples of DMV work.

*5-17-04 Full* 35. Examples of DMV work.

9

           36.    Copy of Fairfield County Telephone Directory page 360.

           37.    Copy of photo license examiner manual for the Department of Motor Vehicles.

           38.    Copy of instructions for Motor Vehicles operations.

*[handwritten: 5-17-04]*    39.    Copy of Plaintiff's University Degree.

           40.    Copy of Complaint.

           41.    Department of Motor Vehicle Forms.

           43.    Quality of Work Performance Evaluations dated May 6, 1999 for the Department of Motor Vehicles.

*[handwritten: 5-18-04 Full]*    44.    Weekly Performance Record for the weeks 6/27/00, 7/5/00 and 7/11/00.

*[handwritten: 5-18-04 Full]*    45.    Weekly Performance Record for the weeks dated 6/27/00, 7/5/00 and 7/11/00.

           46.    Right to Sue Letter.

*[handwritten: 5-17-04 Full]*    A.    *[handwritten: Complaint]*

           B.    Letter from Mary Kotaidis, Human Resource Manager to Mahesh Talwar, dated June 6, 2000

*[handwritten: 5-17-04 Full]*    C.    Contract between State of Connecticut and American Federation of State, County, and Municipal Employees, AFL-CIO, effective July 1, 1999 expiring June 30, 2002

*[handwritten: 5-17-04 Full]*    D.    New Employee Information Sheet, dated June 16, 2000.

*[handwritten: 5-17-04 Full]*    E.    Letter to Paul Yankowski from Steven A. Shonta, Labor Relations Manager, DMV, dated May 30, 2000.

*[handwritten: 5-17-04 Full]*    F.    Supervisory Notes, Susan Patton, dated 6/10/00, 6/14/00, 6/15/00, 6/27/00, 7/01/00, 7/05/00, 7/6/00

5-17-04  Full    G.  Mary Graziosa Notes, no date

5-17-04  Full    H.  Tim Godfrey Notes, dated July 13, 2000

5-17-04  Full    I.  Talwar's Notes regarding DMV procedures

5-17-04  Full    J.  Talwar's Notes together with Annotations

                K.  Talwar's Performance Appraisal, 6/9/00-7/13/00

                L.  Documents re: Talwar's errors shown by Susan Patton to Mary Kotaidis

5-17-04  Full    M.  Batch Sheet, dated June 24, 2001, for Mike Marceylenas

5-17-04  Full    N.  Examiner Productivity Sheet, dated 6/24/00, for Mike Marceylenas

                O.  Grievance of Mahesh Talwar, dated 7/14/00, together with Step III response, dated 1/17/01

                P.  Job Posting, CT Lottery, Cashier, as of 10/11/01 together with fax from David Lynn to Mahesh Talwar, dated October 17, 2001.

                Q.  Job Postings, Accounting Career Trainees, Connecticut Careers Trainees, dated 8/30/02 together with fax from David Lynn to Mahesh Talwar, dated 8/30/02 and return receipt.

                R.  Memo To File from David Lynn, dated 12/31/02

5-17-04  Full    S.  Letter from David W. Lynn to Mahesh Talwar, dated January 8, 2003

5-17-04  Full    T.  Letter from Keith Anderson, Human Resources Consultant, Department of Administrative Services, to Mahesh Talwar, July 21, 2003.

                U.  Memo To David Lynn from Diane M. Fitzpatrick, August 12, 2003.

                V.  Plaintiff's Responses to Defendant's Interrogatories and Request for Production, dated March 4, 2002.

5·17·04 Full W.     Plaintiff's Application for Employment for State of Connecticut, dated November 18, 1999, together with Supplement, dated June 10, 2000.

X.     Plaintiff's employment records from Residence Inn by Marriott,

Y.     Plaintiff's employment records from Wellesley Inn-Danbury.

Z.     Performance Appraisals for Tim Godfrey, 9/30/97-9/30/02

AA.     Danbury Phone Book, p.130, p. 102.

AB.     Errors of Marco Monteiro, 8/15/00-9/28/00

5·17·04 Full AC.     Calendar for 8/00-9/00

AD.     Letter from Silvia Tirrell to Mahesh Talwar, dated 2/4/98

AE.     Step III Grievance re: five day suspension, dated 1/26/98 together with Step III Response, dated 4/15/99

AF.     Holiday Pay Grievance, dated 3/8/00 together with Step 2 Response, dated 3/27/00

AG.     Holiday Pay Grievance, dated 1/23/02 together with Step 2 Response

AH.     Reclassification Grievance Form A, dated 2/4/98 together with Duties Questionnaire, dated 2/18/98; Step 3 Answer, dated August 5, 1998; Step 3 response; Notice of Reclassification Panel Step 4, dated April 3, 2000; Sign-In Sheet dated 4/25/00; Reclassification Appeal Panel Decision, dated 4/25/00.

AI.     Reclassification Grievance Form A, dated 7/14/00 together with Step 3 Answer, dated January 18, 2001.

AJ.     Unfair Treatment Grievance, dated 9/24/00; together with Step 2 response, dated 11/6/01; Step 3 response, dated 3/23/03; State Prohibited Practices Act, Connecticut State Board of Labor Relations, dated 9/16/02; Decision and

>    Dismissal of Complaint, In The Matter of State of Connecticut, Department of Administrative Services and Local 318, Council 4, AFL-CIO And Mahesh Talwar, dated March 4, 2004
>
> AK. Grievance re: Workers Comp Appointments, dated 1/23/02 together with Step 2 Response re: Workers Comp Appointments, dated 3/8/02
>
> 5-17-04 Full AL. Job description, Clerk

The defendants reserve the right to supplement their exhibit list once they have received plaintiff's finalized list.

## 11.  ANTICIPATED EVIDENTIARY PROBLEMS/MOTIONS IN LIMINE

Plaintiff will object to any evidence regarding an allegation made against the plaintiff of sexual assault and risk of injury by a guest at the Ramada Inn in that such evidence is irrelevant, unfairly prejudicial and misleading in that the all charges were dismissed by the Superior Court of the State of Connecticut.

Defendant anticipates the following evidentiary problems:

1. Motion In Limine attached hereto.

2. Defendant will object to any evidence regarding alleged acts of discrimination by DAS as irrelevant and lacking foundation.

3. Defendant will object to any evidence regarding DAS's alleged breach of a settlement agreement as a matter not pled and not properly before the court and furthermore that any such evidence is irrelevant, confusing, misleading and highly prejudicial.

4. Defendant will object to any evidence regarding the substance of prior acts of discrimination against the State of Connecticut and DAS involving the plaintiff or any settlement

13