UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MAHESH K. TALWAR | : | CIV. NO. 3:01CV1089(SRU) |
| *Plaintiff*, | : | |
| | : | |
| v. | : | |
| | : | |
| STATE OF CONNECTICUT | : | |
| DEPARTMENT OF MOTOR VEHICLES | : | June 28, 2005 |
| *Defendant*. | | |

## RESPONSE TO PLAINTIFF'S OBJECTION
## TO DEFENDANT'S RENEWED MOTION FOR COSTS

COMES NOW the defendant and responds to plaintiff's memorandum in opposition to defendant's renewed motion for costs dated June 14, 2005. The plaintiff's lone argument is "defendant has not made a substantial showing that the transcripts of depositions listed in defendant's motion were 'necessary for use in the case.'" Local Rule 54(c) clearly speaks regarding "Items Taxable as Costs" and Rule 54(c)(2)(ii), in pertinent part, states:

> The cost of an original and one copy of deposition transcripts are recoverable as costs, if used at trial in lieu of live testimony, for cross-examination or impeachment, if used in support of a successful motion for summary judgment, or **they are necessarily obtained for the preparation of the case and not for the convenience of counsel**. (Emphasis added)

Three of the five depositions in the above-captioned matter were taken by plaintiff's counsel and, under federal rules, the defendant was forced to incur the costs for these depositions. The lone depositions taken by the defendant was that of the plaintiff, Mahesh Talwar, and Marco Monteiro. The defendant had every right to take the latter two depositions and, indeed, the plaintiff's deposition testimony was used in the cross examination of the plaintiff at trial. The Court is reminded that on May 18, 2004, at the close of plaintiff's case in chief, defendant's oral Rule 50 motion for judgment as a matter of law was granted inasmuch as the plaintiff wholly failed to prove his prima facie case.

The defendant, contrary to plaintiff's contention, does not have to make a "substantial showing" that the depositions were "necessary for use in the case." As Local Rule 54(c)(2)(ii) clearly

notes, the defendant has every right to collect for costs incurred in the defense of the case and clearly the costs were necessary for the preparation of the case.

  WHEREFORE, the defendant respectfully requests that the court grant its renewed motion for costs in its entirety in the amount of $ 2,169.35 as requested.

              DEFENDANT
              DEPARTMENT OF MOTOR VEHICLES

              RICHARD BLUMENTHAL
              ATTORNEY GENERAL

     BY:  _____
         Eleanor May Mullen
         Assistant Attorney General
         Federal Bar # ct22430
         55 Elm Street, P.O. Box 120
         Hartford, CT 06141-0120
         Tel: (860) 808-5340
         Fax: (860) 808-5383
         E-mail: Eleanor.Mullen@po.state.ct.us

## **CERTIFICATION**

  I hereby certify that a copy of the foregoing Response to Plaintiff's Objection to Defendants' Motion for Costs was mailed, U.S. mail first class postage prepaid, this 28th day of June, 2005 to all counsel of record.

  Robert Muchinsky, Esq.
  39 Russ Street
  Hartford, CT 06106

              _____
              Eleanor May Mullen
              Assistant Attorney General